[No. 19364. Department One. October 29, 1925.]

## THE CITY OF OLYMPIA, *Respondent*, v. HERBERT CULP, *Appellant*.[1]

CRIMINAL LAW (25)—JURISDICTION OF JUSTICE OF PEACE—RECORD. Rem. Comp. Stat., § 1770, requiring a justice of the peace to keep a docket in which he shall record proceedings had before him, does not require him to record in his docket complaints upon which a search warrant is issued; it being sufficient, in order to sustain jurisdiction of a criminal prosecution based on the result of the search, to enter the subsequent proceedings when the accused is arrested and charged with an offense.

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—PROPERTY SUBJECT. Officers acting under a search warrant may lawfully detain and search any person found on the premises, when they have reasonable cause to believe he has upon his person the articles searched for.

ARREST (6)—AUTHORITY TO ARREST WITHOUT WARRANT. Officers using necessary force in lawfully detaining a person, may arrest the person on discovering that he was committing a misdemeanor in their presence.

CRIMINAL LAW (124)—EVIDENCE—ARTICLES TAKEN FROM ACCUSED. Articles taken from a person lawfully arrested may be used in evidence against him.

Appeal from a judgment of the superior court, for Thurston county, Wilson, J., entered January 11, 1924, upon a trial and conviction of unlawful possession of intoxicating liquor. Affirmed.

*Harry L. Parr*, for appellant.

*George R. Bigelow*, for respondent.

[1]Reported in 240 Pac. 360.

FULLERTON, J.—On April 25, 1923, a sworn complaint was filed before Walter Crosby, a justice of the peace of Thurston county, by which it was made to appear to the justice that there was probable cause to believe that intoxicating liquor was being manufactured, sold, bartered, exchanged and kept, in violation of the statutes, at a certain described place in the city of Olympia, maintained by one John Doe. The justice, on the filing of the complaint, issued a search warrant directed to the sheriff of the county named, commanding him to search the premises described for intoxicating liquors.

In executing the warrant, the sheriff took with him certain assistants. Two of these stationed themselves at the back door of the described premises while the sheriff entered at the front door. As the sheriff entered the building, the appellant Culp sought to escape therefrom by the back door, and was seized by the officers stationed thereat. In the scuffle which followed, the officers came into contact with a bottle which the appellant had in his pocket, and which, on examination, proved to contain intoxicating liquors capable of being used as a beverage. The officers arrested the appellant and took him before the justice of the peace, where a formal complaint was filed against him, charging him with the unlawful possession of intoxicating liquors. To this complaint he pleaded not guilty and was tried and convicted in the justice's court. From the judgment of conviction, he appealed to the superior court of Thurston county, where he was again tried and convicted. The appeal before us is from the judgment of the superior court.

When the original complaint was filed with the justice of the peace, that officer made no entry thereof in his docket. It is contended that this omission is fatal to the proceedings; that it is a necessary require-

ment of the statute that a justice of the peace enter all causes in his docket, and that a failure to comply with the requirement leaves the justice's court without jurisdiction over the person of the defendant or the cause for which he is tried.

But we are unable to follow the appellant. The statute, it is true (§ 1770, Rem. Comp. Stat.), requires a justice of the peace to keep a docket in which he shall record the proceedings had before him, but an examination of the related statutes will show that this requirement relates specially to civil causes brought in a justice's court. It is possible that the requirement applies, by necessary intendment, equally to criminal causes, but there is no requirement, by intendment or otherwise, that the justice shall record in his docket complaints upon which nothing more than a search warrant is issued. It is sufficient in this respect to record the cause in the docket when crime is discovered by the search and some person is arrested and brought before the justice and formally charged with the commission of the crime.

In the present instance, when the defendant was brought before the justice, a formal complaint was filed charging him with the commission of a crime and the cause duly entered in the docket. The justice also entered therein a record of all of the subsequent proceedings; and we hold this to be a sufficient compliance with the statute.

In his second assignment of error the appellant assumes that he was arrested, his person searched, and the bottle of liquor taken from him merely because he was an occupant of the building at the time the search warrant was executed; and argues therefrom that the search of his person was wrongful, that the bottle of liquor was taken unlawfully, and draws the conclusion that both the justice's court and the superior court

erred in denying his motion to suppress the bottle and its contents as evidence, and erred in permitting them to be introduced at the trial as evidence against him. But we cannot accept this view of the facts. As we view the evidence, it is overwhelming to the effect that the appellant was arrested while attempting to escape from the building, as we have hereinbefore recited; at least, the evidence was sufficient to warrant the courts in taking this view, and we see no reason to reach a contrary conclusion.

The real question then is, was the arrest and seizure unlawful under the circumstances recited. It is our opinion that they were not. Officers making a search of premises under a search warrant may lawfully detain all persons found therein until the search is concluded. Any other rule would frustrate the purposes of the search; the officers would be compelled to stand idly by while the articles for which the search was instituted were carried away. The law is not so impotent as this. The officers may, under a warrant to search the premises, lawfully search any one found therein whom they have reasonable cause to believe has the articles for which the search is instituted upon his person. But we need not go so far as this in the present case. The officers having the right to detain the appellant could use such force as was necessary for that purpose; and if in using that force they discovered that he was personally guilty of an offense, they could lawfully arrest him for that offense, even though it be a misdemeanor, as an offense committed in their presence.

Nor was the evidence inadmissible because taken from the person of the defendant. This court has, from the earliest times, followed the rule that articles, personal effects, or money, taken from the person of a defendant lawfully arrested may be used in evidence

against him. *State v. Nordstrom,* 7 Wash. 506, 35 Pac. 382; *State v. Burns,* 19 Wash. 52, 52 Pac. 316; *State v. Royce,* 38 Wash. 111, 80 Pac. 268, 3 Ann. Cas. 351.

Nor was a contrary rule laid down in *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837, or *State v. Smathers,* 121 Wash. 472, 209 Pac. 839. A reading of these cases will show that the question here involved was not there presented.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and PARKER, JJ., concur.