## CARPENTER *v.* STATE

[No. 154, October Term, 1951.]

 

*Decided April 4, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*D. K. McLaughlin,* with whom was *Francis H. Urner,* on the brief, for appellant.

*Kenneth C. Proctor,* Assistant Attorney General, with whom were *Hall Hammond,* Attorney General, and *John S. Hollyday,* State's Attorney for Washington County, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

Carpenter was convicted of bookmaking by Judge Mish, sitting without a jury, in the Circuit Court for Washington County, and sentenced to serve nine months in jail and pay a fine of $1,000. The appeal attacks the search warrant under which evidence against him was obtained on two grounds, that it was fatally defective in form, and not issued upon a showing of probable cause.

The alleged defect in the warrant was that it erroneously referred to the statute creating the crime of bookmaking as Chapter 81, Acts of 1950 instead of Section 291, Article 27 of the Code. Chapter 81 repealed and reenacted Section 306, Article 27 of the Code, as amended by Chapter 9, Acts of 1949 (Special Session), relating

to the issuance of search warrants. But the reference was clearly surplusage. There is nothing in the statute relating to search warrants that requires the warrant to refer to the applicable statute but only to show that there is probable cause to believe that "any misdemeanor or felony is being committed". The misdemeanor was described in the warrant as a violation of "the law prohibiting the betting, wagering or gambling on the results of trotting, pacing and running races of horses * * * and that a book or pool is being made on the results of trotting, pacing and running races of horses" in the described premises. The description of the crime was in the language of section 291. Even in the case of an indictment, it is elementary that an offense is sufficiently alleged if made substantially in the language of the statute. *Miggins v. State,* 170 Md. 454, 184 A. 911. It has been held that a misrecital in a reference to the statute may be rejected as surplusage. *Rawling v. State,* 2 Md. 201, 213.

On the point of probable cause, Officer Diggins swore that he watched the premises, a one and one-half story dwelling house belonging to the appellant, on two successive days. On the first day he heard the appellant and two other men discussing racing on the sidewalk, with racing forms in their hands. They went into the house and remained there. During a period of an hour and three-quarters he saw eight men and one woman enter the premises, and come out within periods of five minutes. Each looked around in a careful manner before entering. On the second day, six men and two women entered the house in the same cautious manner during a period of forty-five minutes. Two of these men carried racing forms. About 1:30 P. M. on the second day, one of the three men he had first observed came out of the house, walked across the street to an automobile illegally parked there and engaged in conversation a man seated therein. This man handed the first man a small package and some United States currency. The first man reentered the premises, while the

man in the automobile drove off. The time of his observation was before post time at the tracks.

We think there was a sufficient showing of probable cause. Unlike the situation in *Wood v. State*, 185 Md. 280, 44 A. 2d 859, the house was not a restaurant but a small private dwelling. It is highly improbable that persons would resort there at those particular times and with racing forms in their hands, except for an unlawful purpose. Cf. *Goss v. State*, 198 Md. 350, 352, 84 A. 2d 57, 58; *Bland v. State*, 197 Md. 546, 550-551, 80 A. 2d 43, 45; *Bratburd v. State*, 193 Md. 352, 357, 66 A. 2d 792. Moreover, the fact that one of the men who entered the house with the owner on the preceding day received from an automobile a package and currency which he took into the house, would permit an inference that the transaction involved the placing of bets, rather than a household delivery as suggested. Under all the circumstances, we think the allegations amounted to more than suspicion or possibility, though less than certainty or proof.

*Judgment affirmed, with costs.*