## SAUM *v.* STATE

[No. 155, October Term, 1951.]

*Decided May 7, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*D. K. McLaughlin* and *Francis H. Urner* for the appellant.

*J. Edger Harvey, Deputy Attorney General,* with whom were *Hall Hammond, Attorney General,* and *John S. Hollyday, State's Attorney for Washington County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment and sentence of four months and a fine of $1,000 after a jury has returned a verdict of guilty on a charge of bookmaking. The appeal challenges the validity of the search warrant and the search and seizure thereunder of betting slips, taken from the person of the appellant.

It is contended that the warrant was defective in that it alleged that there was probable cause to believe that the law prohibiting betting on horse races was being violated, contrary to the provisions of chapter 81 of the Acts of 1950. This Act dealt with search warrants, not with the crime described. Precisely the same point was made in the recent case of *Carpenter v. State,* 200 Md. 31, 88 A. 2d 180. For the reasons there stated we hold that the defect was not fatal.

The appellant contends that certain betting slips, taken from the person of the appellant on the public street at a point about one hundred yards distant from the Plaza Restaurant, were improperly admitted in evidence because the warrant did not authorize a search outside of the restaurant described in the warrant. The warrant was issued on the affidavit of Special Police Officer Diggins who swore that on two different days he saw a described man accept bets from customers in the Plaza Restaurant. It was directed to Diggins and commanded him, "with the necessary and proper assistants, to enter the said premises at 18 North Potomac Street, Hagerstown, Maryland, Plaza Restaurant and search the person, clothing and pockets of the said white man who is previously described as being about fifty years of age, about five feet, ten inches in height and weighing about 165 pounds, who will be identified by the said Special Policer Officer Frank R. Diggins, for betting

slips * * * and any other paraphernalia used in the unlawful operation of gambling on the races * * * and seize all evidence pertaining to any form of gambling and any other paraphernalia of the description so found, and the body of the said described man who accepted bets; and all other persons who may be found in the said premises, who may be participating in the bookmaking activities, before me, the subscriber * * *."

Diggins testified that he went to the Plaza Restaurant about 2:20 p.m. on July 7, the date of the warrant, and observed the appellant taking bets from three or four different persons. The other police had not yet arrived when Saum went out. Diggins followed him and when he saw Detective Wigfield across the street pointed Saum out to him as the man described in the warrant whom he had just seen taking bets in the restaurant. Wigfield went over and showed Saum the warrant, arrested him and searched his pockets. Diggins then went back to the restaurant with other officers.

The warrant not only described Saum in terms of age, height and weight but called for his identification by Diggins. He was clearly identified prior to his arrest. Wigfield was authorized to execute the warrant as one of Diggins' assistants to whom the warrant was directed. Under the circumstances we think the warrant was valid as a warrant to arrest Saum and search his person. Under the Maryland statute, section 306, Article 27 of the Code (as amended by chapter 81, Acts of 1950) a search warrant may issue, on a showing of probable cause, for an individual, if "named or described with reasonable particularity", as well as for a "building, apartment, premises, place or thing within the territorial jurisdiction of such judge * * *." We have held that a warrant is not general merely because it applies to more than one building or thing, or authorizes a search of described premises and apprehension of a described person. *Smith v. State,* 191 Md. 329, 340, 62 A. 2d 287, 5 A. L. R. 2d 586; *Asner v. State,* 193 Md. 68, 76, 65 A. 2d 881; *Saunders v. State,* 199 Md. 568, 87 A. 2d

618, and cases cited. Cf. *State v. Hall,* 312 Mo. 425, 279 S. W. 102. In the instant case the warrant recited facts constituting probable cause to show that Saum had twice committed the crime of bookmaking in the Plaza Restaurant and we think the direction to arrest him could not properly be restricted to the particular premises described as the scene of the crimes. It is also clear that Diggins had a right to follow and arrest Saum and make a search incident thereto, for the crime committed in his presence inside the premises, even if he had had no warrant. Under such circumstances we have held that it is immaterial which of the officers of a detail actually makes the arrest. *Silverstein v. State,* 176 Md. 533, 540, 6 A. 2d 465. We need not pass upon the validity of other arrests made in the described premises after Saum had been arrested, for even if the arrest of other persons was unlawful it could not invalidate the warrant or the arrest as to Saum. *Saunders v. State, supra.* Evidence as to such other arrests was properly excluded.

*Judgment affirmed, with costs.*