DOW ET AL. *v.* STATE

[No. 125, October Term, 1954.]

*Decided April 18, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Ernest L. Perkins*, with whom were *R. Palmer Ingram* and *Malcolm J. Coan* on the brief, for the appellants.

*James H. Norris, Jr.*, Special Assistant Attorney General, with whom were *C. Ferdinand Sybert*, Attorney General, *Anselm Sodaro*, State's Attorney for Baltimore City, and *James W. Murphy*, Assistant State's Attorney, on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal challenges the validity of the execution of a search warrant which resulted in evidence causing the conviction of the appellants for violations of the lottery law by a court sitting without a jury in the Criminal Court of Baltimore.

The warrant commanded the police "to go to the vicinity of 2115 W. North Ave., Baltimore City, State of Maryland; and there diligently search the pockets of the clothing of the said three colored men who are previously described and who will be identified by the said Officer * * *." The police, upon obtaining the warrant, immediately went to the vicinity of 2210 Presstman Street and there searched and arrested the two appellants, finding on one a package of lottery slips and on the other, a cut card, which is used in lottery. The appellants contend that the warrant could not be validly executed other than in the vicinity of 2115 W. North Ave. and that 2210

Presstman Street is not in that vicinity. The State's contention is that the warrant could be executed eight blocks from the address set forth therein on the ground that this would be within the vicinity. It urges also that the place of search was well within the area of observation of the police over a period of days, as the affidavit of probable cause discloses.

We think it not necessary to decide whether the vicinity of one address extends for eight blocks or not, because it is our view that the warrant could validly be executed anywhere within the limits of Baltimore City. It is conceded that there was probable cause for the issuance of the warrant. The observations of the police extended from October 12 to October 20. The men suspected were observed on a number of these days in the vicinity of 1809 Baker Street, 2040 W. Lanvale Street, and 2115 W. North Avenue, and their conduct clearly supported the probability that they were engaged in lottery. It is conceded further that the descriptions in the warrant were accurate descriptions of the men involved and that the appellants are two of the three men who were suspected, and described in the warrant.

The historical background which led to the prohibitions against unlawful search and seizure found in the Federal and State Constitutions is set forth in *Asner v. State*, 193 Md. 68, 75. Generally, the statutory implementations of these constitutional safeguards have authorized, and most of the decisions deal with, the search of places and things but not of persons. However, in Maryland, the Legislature by Code (1951), Art. 27, Sec. 328, has permitted the issuance of a warrant authorizing police to "* * * search such suspected *individual,* building, apartment, premises, place or thing, and to seize any property found liable to seizure under the criminal laws of this State, provided that any such search warrant shall name or describe, with reasonable particularity, the *individual,* building, apartment, premises, place or thing to be searched * * *." (Emphasis supplied). The requirement of the Code is that the warrant

describe an individual to be searched with reasonable particularity. If this is done, the warrant is not a general warrant condemned by the Constitution. In *Wilson v. State,* 200 Md. 187, the Court refused to hold invalid a search warrant authorizing the search of " 'a white man * * * described as being about five feet, nine inches in height, about 180 pounds in weight and about forty years of age, * * * whom affiant * * * had previously heard called Whitey, * * * who will be identified by the affiant.' " In *Giordano v. State,* 203 Md. 174, it was assumed, without deciding, that a warrant which authorized a search of an automobile and of a described individual to be found in it, was invalid as to the automobile, and the Court held: "* * * nevertheless, as the application contained reasonable grounds for belief that the crime was being committed by a person described in the search warrant, the direction to search that person is not void as a general warrant * * *." The Court further held that the description of the appellant "* * * as being 'a white man, about 40 years of age, about 5 feet 6 inches tall, weighing about 175 pounds, who will be identified by the said Patrolman * * *' " was a description of reasonable particularity, as required by the statute.

It is to be noted that in the *Giordano* case, no place was set forth in the warrant at which it was to be executed. The automobile, if the warrant had been valid as to it, could have been searched anywhere it was found in Baltimore City and it follows that the described individual similarly could have been searched anywhere within the City limits. This was held, as to an automobile, in *Asner v. State, supra.* Whether a warrant commanding the search of an individual is valid depends essentially upon whether or not it describes the individual to be searched with such particularity that he may be identified with reasonable certainty. If it does, it may be executed within the limits of the jurisdiction in which it was issued. What is decisive in every case is the identity of that which is to be searched. If it is a building, it must, of course, be described with such particu-

larity that it can be identified as to location and extent. If it is an automobile or an individual, the means and certainty of identification are the tests. In *Saum v. State*, 200 Md. 85, a warrant authorized search of the man described, and directed and commanded the police "* * * to enter the said premises at 18 North Potomac Street, Hagerstown, Maryland, Plaza Restaurant and search the person, clothing and pockets of the said white man who is previously described as being about fifty years of age, about five feet, ten inches in height and weighing about 165 pounds, who will be identified by the said Special Police Officer * * *." The warrant was executed across the street from the Plaza Restaurant. The Court held that the search was valid. It was said that: "The warrant not only described Saum in terms of age, height and weight but called for his identification by Diggins. He was clearly identified prior to his arrest. * * * Under the circumstances we think the warrant was valid as a warrant to arrest Saum and search his person. * * * We have held that a warrant is not general merely because it applies to more than one building or thing, or authorizes a search of described premises and apprehension of a described person. * * * In the instant case the warrant recited facts constituting probable cause to show that Saum had twice committed the crime of bookmaking in the Plaza Restaurant and *we think the direction to arrest him could not properly be restricted to the particular premises described as the scene of the crime."* (Emphasis supplied.)

In the case before us, the warrant recited facts which undoubtedly amounted to a showing of probable cause to believe that violations of the lottery laws had taken place in the vicinity of 2115 W. North Ave., as well as elsewhere in that general area. We think that the authorization to search the appellants need not have been restricted to the vicinity of the particular premises named as long as the individuals were properly described and identified, as we hold they were. The words in "the vicinity of 2115 W. North Ave." can be regarded as

surplusage. This Court has consistently held that if a warrant is essentially valid, or is valid as to one command and not as to another, the parts not essential or invalid may be treated as surplusage. In *Carpenter v. State,* 200 Md. 31, as well as in *Wilson v. State, supra,* the search warrant referred to the wrong statute although it correctly described the crime suspected, and the erroneous reference was held not to invalidate the warrant but to be surplusage. In *Martini v. State,* 200 Md. 609, the warrant was held to be invalid as to the person described but valid as to the automobile. In *Giordano v. State, supra,* there was the converse. The warrant was held to be valid as to the described individual but assumed to be invalid as to the automobile, and the reference to the automobile was held to be surplusage.

We think the court made no mistake when it refused the motion to dismiss and held that the searches were justified and the arrests authorized.

*Judgments affirmed, with costs.*