Bergan, J.
The search warrant which has been challenged here and which was the ground for the seizure of LSD, marijuana, hypodermic needles, etc., as a basis for defendants’ convictions of possession of dangerous drugs was issued without a sufficient foundation in the supporting proof. The affidavit on which the warrant was issued contains no fact establishing any unlawful activity in the premises to which the warrant was addressed.
The only fact set forth is that “ LSD users and sellers are frequenting ” the cottage of defendant Waitz. This is an unspecified characterization of the named persons who came to Waitz’s house, and is not a sufficient basis for a search of his house by any accepted or reasonable standard (People v. Hendricks, 25 N Y 2d 129; People v. McCall, 17 N Y 2d 152; People v. Moore, 11 N Y 2d 271; Spinelli v. United States, 393 U. S. 410; Aguilar v. Texas, 378 U. S. 108).
The opinion of Justice MoInerney granting a certificate of reasonable doubt goes directly to the crux of the case: ‘ ‘ The statements [in the affidavit] are merely conclusory unless one considers the mere presence of a group of LSD users and sellers at a house at odd hours to be reasonable grounds for belief that a crime is being committed. ’ ’
Although different in form, the affidavit for this warrant is indistinguishable in its lack of factual substance on which a judicial officer could act from the long affidavit considered in Spinelli v. United States (393 U. S., supra, appendix to opn., pp. 420-422).
There the actions of defendant were observed by FBI agents in considerable detail and it was concluded that he was ‘ ‘ known to this affiant ”, a Special Agent of the FBI, “ and to federal law enforcement agents and local law enforcement agents as a bookmaker, an associate of bookmakers, a gambler, and an associate of gamblers ’ ’ (p. 422).
*299 Justice Hablan noted, among other things, that the statement that defendant was known to the FBI and others ‘ ‘ as a gambler ’ ’ was insuEcient. He added: “But just as a simple assertion of police suspicion is not itself a suEcient basis for a magistrate’s finding of probable cause, we do not believe it may be used to give additional weight to allegations that would otherwise be insuEcient ’ ’ (pp. 418-419).
The 1964 decision of Aguilar v. Texas (378 U. S. 108, supra), on which Spinelli was largely based, fixes the same exacting requirements for supporting proof underlying search warrants.
In People v. Hendricks (25 N Y 2d 129, supra) the Spinelli and Aguilar standards were implemented in this State in an opinion by Judge Scileppi (see, also, People v. McCall, 17 N Y 2d 152, supra).
The search warrant authorized the search of “ a one story wood frame cottage with white sidewall, green roof ”, etc., and a “ cottage east of a main house ”, etc.
Since a warrant must describe the premises to be searched, and this warrant did not include the automobile, which was not on the premises when the police came with the warrant but which was driven into the driveway while police were there, it did not justify search of the car (People v. Rainey, 14 N Y 2d 35).
Both the Federal and State Constitutions require that a search warrant “particularly describ[e] the place to be searched ” (U. S. Const., 4th Arndt.; N. Y. Const., art. I, § 12). The scope of search has been carefully limited. A warrant to search a building has been held insuEcient to justify search of a shed attached to the building, accessible through the apartment of another person. ‘ ‘ Probable cause must be shown in each instance ” (People v. Rainey, supra, p. 37).
Since the search warrant was obtained on an insuEcient aEdavit and it did not in any event justify a search of the automobile which had just been driven into the driveway, the evidence should have been suppressed and the judgment of conviction against each defendant reversed and the indictment dismissed.
Chief Judge Fuld and Judges Bubke, Scileppi, Bbeitel, Jasen and Gibson concur.
Judgment reversed, etc.