127 N.J. Super. 151 (1974)
316 A.2d 706
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
FELIX MALAVE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1974.
Decided March 12, 1974.
*153 Before Judges CONFORD, MEANOR and BOTTER.
Mr. Dante P. Mongiardo, Assistant Prosecutor, argued the cause for appellant (Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney).
Mr. Robert J. Galluccio argued the cause for respondent (Messrs. Goodman & Rothenberg, attorneys).
The opinion of the court was delivered by MEANOR, J.A.D.
The State appeals, pursuant to leave, from an order granting defendant's motion to suppress.
A search warrant was issued authorizing a search of:
* * * the premises of 851 Madison Ave 3rd floor and all parts connected thereto. Plus a Puerto Rican male in his forties about 5'6 in height medium build who lives at said address.
The warrant also provided for the seizure of various named items of gambling paraphernalia. It had been issued on the affidavit of Detective Don Trifari of the Paterson Police Department. His affidavit recited that information had been received from a reliable confidential informant that a Puerto Rican man residing at 851 Madison Avenue, third floor, was picking up numbers bets from individuals and stores along Park Avenue and Market Street and was taking the slips to his residence at 851 Madison Avenue. On April 27, 1973 the informer met Trifari and pointed out the suspect to him. The detective conducted a surveillance of the suspect on that day and the next, observing activity clearly sufficient to lead to a reasonable belief that the suspect was taking bets on the street and in stores. At the conclusion of the surveillance on April 27 Trifari saw the suspect enter 851 Madison Avenue.
The warrant was issued May 2, 1973 and executed that day by Trifari. The suspect was searched and arrested on the street a considerable distance from 851 Madison Avenue. No suspicious activity was observed by Trifari on May 2 before *154 execution of the warrant. At the time of arrest "2 slips with numbers" were found on his person. A search of 851 Madison Avenue revealed nothing incriminatory, and it is established that defendant did not live there and never had.
Warrants to search the person are comparatively rare, probably because most searches of individuals take place as incident to arrest. Nonetheless, it is established that a warrant may issue to search a person as well as a place. See R. 3:5-3 and State v. Masco, 103 N.J. Super. 277, 281 (App. Div. 1968).
Defendant argues, and the trial court held that the warrant authorized the search of a person only at or near 851 Madison Avenue and not at some other location. We believe, on the other hand, that the warrant authorized two independent searches  one of a person and the other of a place. We see no reason why a warrant to search a person must specify the place where he is to be searched. See Dow v. State, 207 Md. 80, 113 A.2d 423, 49 A.L.R.2d 1205 (Ct. App. 1955).
The sufficiency of the description of the person to be searched contained in the affidavit is attacked. It seems to have been assumed below that defendant was in fact the person Trifari observed during his two-day surveillance, but there was no express evidence on the point. It was stipulated at oral argument, however, that Trifari, if asked, would testify that defendant was in fact the individual pointed out to him by the informer.
Obviously the description of defendant in the warrant would fit a large number of people in Paterson, New Jersey. A description of a person to be searched should, of course, be as particularized as circumstances permit. However, our cases permit the requirement of particularity to be enhanced by the fact that the affiant in support of a warrant to search a place participates in its execution, on the theory that this factor substantially diminishes the prospect of mistake. State v. Daniels, 46 N.J. 428 (1966); State v. Bisaccia, 58 N.J. 586 (1971); State v. Wright, 61 N.J. 146 (1972).
*155 We see no reason why this principle is not applicable to the searches of persons as well as of places. There is no dispute that Detective Trifari executed the warrant, and this circumstance effectively insulated this warrant from being mistakenly executed against an individual who was not its object. Elsewhere warrants have been held valid where they contained a general description of the person to be searched, coupled with a recognition that the suspect to be searched would be identified with particularity at the scene by an officer with personal knowledge of the identity of that person. Saum v. State, 200 Md. 85, 88 A.2d 562 (Ct. App. 1952); Wilson v. State, 200 Md. 187, 88 A.2d 564 (Ct. App. 1952); Giordano v. State, 203 Md. 174, 100 A.2d 31 (Ct. App. 1953); Dow v. State, supra. See also Fomby v. State, 120 Ga. App. 387, 170 S.E.2d 585 (App. Ct. 1969), cert. den. 397 U.S. 1008, 90 S.Ct. 1236, 25 L.Ed.2d 421 (1970) and State v. DeSimone, 60 N.J. 319 (1972).
Reversed.