[No. 975-3.    Division Three.    January 27, 1975.]

THE STATE OF WASHINGTON, *Respondent,* v. KERRY JOSEPH COTTRELL, *Appellant.*

*Neil C. Buren* (of *Hazel & Weeks*), for appellant (appointed counsel for appeal).

*Jon R. Harlan, Prosecuting Attorney,* and *James E. Davis, Deputy,* for respondent.

McINTURFF, C.J.—Defendant appeals from a finding of guilty to charges of possession of amphetamines and heroin with intent to deliver.

About 5 p.m. on June 28, 1973, a search warrant was obtained on the application of Michael K. Bansmer, a Yakima City Police officer, to search the defendant's residence and the persons of Charlotte Cresswell and Kerry Cottrell "if found thereon." About 11 p.m., Officer Bansmer, along with several other police officers, went to the address in the warrant and placed the house under surveillance. Later, observing a woman loading a car at that residence, the officers moved in and began a search of the premises. Officer Bansmer remained outside with the woman; about the same time, the defendant and Charlotte Cresswell drove up, parking their vehicle in the public street behind the automobile being loaded. Before the defendant and Charlotte Cresswell got out of the car, Officer Bansmer, with his gun in hand, went up to the car, advised them to get out, directed them into the house, searched the defendant and found a quantity of heroin and amphetamines in his boot.

Defendant urges the trial court erred in denying his motion to suppress. Primarily, the defendant contends that the warrant was improperly executed as to the search of defendant's person because he was not on the premises at the time the officer first came in contact with him. The State does not argue that defendant physically went onto the premises but, instead, urges that the search of defendant was valid because (1) the search of defendant on the public street contiguous to the residence was at a place so inseparable from and related to the premises that it must be deemed to be a portion of the premises; and (2) the search was valid under the stop and frisk principles of *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).

In essence, the search warrant commanded the officer to search the premises at 1005 North Third Street, and all buildings and outbuildings thereon; and the persons of Charlotte Cresswell and Kerry Cottrell, if found thereon. The question then is whether the term "premises" includes a vehicle parked on the street at the curb in front of the house to be searched. We find no federal or Washington cases precisely in point.

■ It is constitutionally essential to the validity of a search warrant that it describe with sufficient particularity the place to be searched, to enable the officers to locate the premises with certainty. U.S. Const. amend. 4; Const. art 1, § 7; *State v. Van Valkenburg*, 165 Wash. 195, 4 P.2d 832 (1931); *State v. Chisholm*, 7 Wn. App. 279, 499 P.2d 81 (1972); Annot., 11 A.L.R.3d 1307 (1967). *See* J. Cook, *Constitutional Right of the Accused: Pretrial Rights* § 27 (1972). The search of persons on premises authorized to be searched pursuant to a search warrant is limited. *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972); *Olympia v. Culp*, 136 Wash. 374, 377, 240 P. 360 (1925); *State v. Ryan*, 163 Wash. 496, 502, 1 P.2d 893 (1931). However, the protection offered by the constitutional provisions should not allow absurd results. *United States v. Hall*, 488 F.2d 193 (9th Cir. 1973). *Cf. State v. McFarland*, 84 Wn.2d 391, 526 P.2d 361 (1974).

As a general rule search warrants must be strictly construed and their execution must be within the specificity of the warrant.

In 68 Am. Jur. 2d *Searches and Seizures* § 107, at 761-62 (1973) it is stated:

Although it would appear that a search made under the authority of a search warrant may extend to whatever is covered by the warrant's description, provided that such description meets the requirement of particularity, the *Fourth Amendment confines an officer executing a search warrant strictly within the bounds set by the warrant,* and he must comply strictly with all the directions contained in it. Search warrants must be strictly construed, and the fact that persons are commissioned officers and armed with a warrant to enter premises confers on them no exemption from the mandates of the Constitution and laws or from the established rules for proceeding in executing and returning the warrant.

Although searches under a warrant are to be preferred to warrantless searches, the predilection of the law for searches made under a warrant is valid only if the searches are conducted according to law and according to the mandates of the warrants themselves. A search that is not so conducted, even though it purports to be done under a warrant, is a misuse of the statutory, if not of the constitutional, process; the warrant in such a case effects a deceptive assertion of authority upon the person on whom it is served and purportedly gives an undeserved protection to the officer.

(Footnotes omitted. Italics ours.) 4 R. Anderson, *Wharton's Criminal Law and Procedure* § 1560, at 184-85 (1957). *See* 79 C.J.S. *Searches and Seizures* § 81a. and 83d. (1952).

There are cases construing a search warrant for specifically described residences or buildings, as applied to vehicles on premises.[1] In all of those cases the descriptions

---

[1] A search warrant describing realty "together with curtilage thereof and the appurtenances thereunder belong," held sufficient to cover the automobile of defendant standing on the driveway adjacent to the house and within the curtilage of the described property. *Leslie v. State,* 294 P.2d 854, 855 (Okla. Crim. App. 1956); *see also Lawson v. State,* 176 Tenn. 457, 143 S.W.2d 716, 717 (1940). *See* 68 Am. Jur. 2d *Searches and Seizures* § 111, at 766-67 (1973). A search warrant describing a

of the premises to be searched included such addenda as "and curtilage" or "and appurtenances." The curtilage concept of the word "premises," *i.e.*, the inclosed space of ground and buildings immediately surrounding a dwelling house,[2] is reasonable and has been used in many states, but even this concept does not include the public street in front of the premises.

The line between reasonable and unreasonable searches is not always clear. Here the affiant and the court drew the line by limiting the authorized search of these persons to the particular premises "if found thereon." We further note the words "if found thereon" appear on the face of the warrant in typewritten language, expressly added to an otherwise printed form search warrant. (See appendix.) In addition, the affidavit upon which this warrant issued requests a search of the persons "if found therein." The inherent power of the court to expressly define the nature and extent of the search should not be viewed lightly since this is a paramount responsibility of the court. We therefore hold that when the defendant was taken from a vehicle parked on a public street in front of the house described in the search warrant, he was not *on* the *premises* described in the search warrant, thus this search of the defendant

---

specific dwelling and outbuildings, etc., held lawful to search trailer within the curtilage. *Bowdry v. State,* 166 P.2d 1018 (Okla. Crim. App. 1946).

A van outside of the warehouse was construed to fall within the term "appurtenances" in a search warrant authorizing the search of a residence, automobiles and "a warehouse and appurtenances." A search warrant which did not include an automobile driven onto premises while police were there did not justify search of the car. *People v. Dumper,* 28 N.Y.2d 296, 321 N.Y.S.2d 586 (1971). The State of Maryland goes further by saying that a search warrant concerning particularly described premises did not authorize the search of the automobile "even if it was parked on the property on which the premises were located." *Haley v. State,* 7 Md. App. 18, 253 A.2d 424 (1969).

*State v. Parsons,* 83 N.J. Super. 430, 200 A.2d 340, 349 (1964), is directly in point. The officer had a search warrant for the defendant's home and the court held that the warrant did not authorize a search of the car. "It was on the street, not on the defendant's premises."

[2]Black's Law Dictionary (rev. 4th ed. 1968).

was beyond the language and the authority of the warrant. *Dolen v. State,* 187 Tenn. 663, 216 S.W.2d 351, 353 (1948). *See Atkins v. Harris,* 202 Tenn. 489, 304 S.W.2d 650, 653 (1957); 79 C.J.S. *Searches and Seizures* § 83d., at 902-03 (1952).

By so finding, it must now be determined whether the search of defendant can be upheld as a search incident to a lawful arrest, thus requiring a determination that the officers had probable cause to arrest defendant when he arrived in his automobile, or as a valid stop and frisk under *Terry v. Ohio, supra.*

■ In *State v. Darst,* 65 Wn.2d 808, 811-12, 399 P.2d 618 (1965), the court stated:

> If an officer believes *and* has good reason to believe that a person has committed, or is about to commit a felony, he may arrest without a warrant. This is but another way of saying that an officer must have probable cause to believe that a felony has been or is about to be committed and that the person arrested committed or is about to commit it. *State v. Jack,* 63 Wn. (2d) 632, 388 P. (2d) 566; *State v. Maxie,* 61 Wn. (2d) 126, 377 P. (2d) 435; *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841, similarly as to a citizen's arrest. Even a strong belief held in good faith if unsupported by the circumstances will be insufficient to make a search valid. *Beck v. Ohio,* 379 U.S. 89, 13 L. Ed. (2d) 142, 85 S. Ct. 223. The probable cause essential to support an arrest without a warrant is a belief based upon facts within the knowledge of the arresting officer, persuasive enough to convince a judge that a cautious but disinterested man would also believe the arrested person guilty. *State v. Smith,* 56 Wn. (2d) 368, 353 P. (2d) 155; *Henry v. United States,* 361 U.S. 98, 4 L. Ed. (2d) 134, 80 S. Ct. 168; *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790.

We conceive of no interpretation of the facts of record which would be sufficient to sustain the arrest of defendant as based upon probable cause. When Officer Bansmer held his gun on defendant nothing had yet been discovered in the residence as a result of the search under way. Defendant's actions in parking the automobile in the public street in

front of his residence did not give Officer Bansmer probable cause to believe a felony had been or was about to be committed by the defendant. Succinctly, there existed no other circumstances authorizing arrest other than the information previously set out in the affidavit[3] in support of the issuance of the search warrant. Probable cause for arrest did not exist.

■ The State argues the search of defendant was valid as a "stop and frisk" under *Terry v. Ohio, supra.* In *Terry,* at page 27, the court stated:

Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reason-

[3]The affidavit contained the following information: That an unidentified informant related to the affiant that while personally present at the residence 2 days before the issuance of the warrant he observed a large quantity of heroin and a quantity of barbiturates and marijuana, and within the last 2 weeks had personally observed heroin on the persons of Charlotte Cresswell and the defendant; that the affiant believed the informant to be reliable because the informant had previously given affiant drug information on several occasions which was independently verified and found to be true; that the informant had, during the past 3 months, provided information which led to the issuance of three search warrants for controlled substances, which in each instance resulted in the seizure of controlled substances and arrests, and filing of charges of possession of controlled substances; that a second unidentified informant related to affiant that, within 2 weeks of the issuance of the warrant, he accompanied another individual to the residence, at which time this individual purchased a quantity of heroin; that the affiant believes this informant to be reliable because within the last 3 months this informant had given affiant drug information resulting in the issuance of a warrant and the seizure of controlled substances which resulted in the arrest of one individual on a charge of possession of a controlled substance; and that the affiant, within the past 2 weeks, on numerous occasions had personally observed a large number of persons coming and going from the residence and staying only a short period; and additionally, the affiant had observed a known heroin user entering the residence and staying only a short period of time.

ably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Cf. *Beck* v. *Ohio*, 379 U S 89, 91 (1964); *Brinegar* v. *United States*, 338 U S 160, 174-176 (1949); *Stacey* v. *Emery*, 97 U S 642, 645 (1878). And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or "hunch," but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. Cf. *Brinegar* v. *United States supra*. [Footnote omitted.]

In *Terry* the court authorized a pat-down search for weapons as a protection for law enforcement officers, with emphasis upon the fact that until the pat-down disclosed a weapon, the searching officer did not place his hands in the defendant's pockets or under the surface of the defendant's outer garments. Officer Bansmer candidly testified the search was conducted for drugs and weapons. Additionally, pockets in defendant's clothing and the inside of his boots were checked. The search did not constitute a pat-down search under *Terry*.

The instant case differs from *State v. Howard*, 7 Wn. App. 668, 502 P.2d 1043 (1972), since there is no contention the officer was seeking to protect the area in which the search was being conducted. The officer's intent was not merely to comply with the spirit of *Terry v. Ohio, supra, i.e.,* concern for his personal safety.

We conclude the search of defendant to be an unreasonable search and seizure, violative of defendant's Fourth Amendment rights and requiring suppression of evidence resultant from such search. In light of this determination, other issues presented will not be considered.

Judgment of the trial court is reversed.

MUNSON, J., concurs.

APPENDIX

# IN THE YAKIMA COUNTY DISTRICT JUSTICE COURT
### YAKIMA COUNTY, WASHINGTON

STATE OF WASHINGTON,

Plaintiff,

**FILED**

JUN 28 1973

YAKIMA COUNTY
DISTRICT COURT

vs.

673-0505

**SEARCH WARRANT**

CHARLOTTE CRESSWELL & KERRY COTTRELL,'
Defendants.

STATE OF WASHINGTON, }
County of Yakima { ss.

In the name of the State of Washington, to JOHN THOMPSON, Sheriff of Yakima County, State of Washington; the Sheriff of the above county and his deputies or to civil officers of the State of Washington duly authorized to enforce or assist in enforcing any law thereof,

GREETINGS:

WHEREAS, complaint has been made to and signed before the undersigned District Court Judge by one

MICHAEL K. BANSMER (1) , stating under oath, that he has probable cause and does believe that controlled substances are being used, manufactured, sold, bartered, exchanged, given away, or otherwise disposed of, or kept in violation of the provisions of R.C.W. 69.50 et. seq., Uniform Controlled Substances Act;

That the affiant has probable cause to believe that the above referred to violations are being committed at the location described hereafter:

YAKIMA , 1005 North 3rd Street ,
(City or Town)       (Street address)

and more particularly described as follows: 1005 North 3rd Street is a single family one-story house, painted brown and white with a green roof and is located on the east side of north third street and is the third house north of "I" Street; and is the residence of CHARLOTTE CRESSWELL and KERRY COTTRELL

County of Yakima, State of Washington, all contrary to the statute in such case made and provided, and against the peace and dignity of the State of Washington.

NOW, THEREFORE, you are hereby commanded in the name of the State of Washington, to use such force as may be necessary and search the premises of aforesaid, and all the buildings and outbuildings thereon, and all property real or personal situated on said described real property, and all rooms, closets, cellars or subcellars therewith connected and to seize all controlled substances/there found, together with the conveyances, vehicles or vessels in which they are contained, and all implements, furniture, and fixtures used or kept for the illegal manufacture, sale, barter, exchange, giving away, furnishing, or otherwise disposing of such drugs, together with any personal property items, papers and records necessary to show dominion and control and necessary to show intent to deliver, manufacture, or otherwise violate the Uniform Controlled Substances Act; and to safely keep the same all as provided by law and to make a return of this warrant within three days of the date hereof, showing all acts and things done hereunder, with a particular statement of all articles seized and names of all persons in whose possession the same were found, if any, and if no person be found in possession of said articles, then your return shall so state.

You are further commanded to serve a copy of this warrant upon the person or persons found in the possession of any controlled substances, implements, furniture, or fixtures seized hereunder and if no person be found in the possession thereof, you shall post a copy of this warrant on the door of the building or room wherein the same are found, and if there be no door, then in a conspicuous place on said premises.

HEREIN FAIL NOT.

WITNESS my hand and seal this 28th day of June , 1973.

DISTRICT COURT JUDGE
Yakima County, Washington

(1) namely heroin, barbituates, and marihuana
(2) and to search the persons of Charlotte Cresswell and Kerry
    Cottrell if found thereon,

GREEN, J. (dissenting)—I believe the majority misconstrues the issue on appeal when it states:

The question then is whether the term "premises" includes a vehicle parked on the street at the curb in front of the house to be searched.

It is clear that upon a showing of probable cause a warrant may be issued to search (1) specifically described premises; or (2) a specifically named or described person. In this case, both types of searches are combined in one warrant, *i.e.*, a search of (1) premises located at 1005 North Third Street, and all buildings and outbuildings thereon; and (2) the person of the defendant, Kerry Cottrell, "if found thereon." In my view, the question is whether the peripheral language "if found thereon" absolutely limits the scope within which an otherwise valid warrant for the search of defendant's person could be executed. I do not believe so and, therefore, respectfully dissent.

The majority properly recognizes that "It is constitutionally essential to the validity of a search warrant that it describe with sufficient particularity the place to be searched, to enable the officers to locate the premises with certainty." The reason for such a rule is apparent: to assure that only the place described in the warrant "to the exclusion of all others" will be searched. Likewise, the validity of a warrant to search a person depends essentially upon whether it describes the person to be searched with such particularity that he may be identified with reasonable certainty. *See* 68 Am. Jur. 2d *Searches and Seizures* § 79, at 733-34 (1973). The rule of strict construction referred to in the majority opinion clearly applies to the description of the premises or the person(s) to be searched.

However, I have found no Washington case that has applied this rule to peripheral words such as "if found thereon" that immediately follow a specific description of a named person. The cases cited in support of the majority's statement that "the search of persons on premises authorized

to be searched `. . . is limited" are not in point.[4] Neither
are the cases footnoted in 68 Am. Jur. 2d `Searches and
Seizures` § 107, at 761-62 (1973), as authority for the quota-
tion in the majority opinion in point. They do not involve
warrants for a search of specifically named persons. Finally,
the citations contained in footnote 1 of the majority opinion
are not in point for the same reason. I do not believe the
broad language contained in the cases relied upon in the
majority opinion should be applied to require a literal
application of peripheral language in a warrant that speci-
fically describes the person to be searched. In my view, such
language should either be treated as surplusage or reason-
ably applied to the factual circumstances of each case.

Other jurisdictions have construed warrants authorizing
a (1) search of a particular place, and (2) the search of
described persons as in the case before us. Those jurisdic-
tions do not consider the description of the place to be
searched as words of limitation upon a valid warrant to
search a particular person. Instead, they distinguish between
the two authorized searches and have consistently held that
"if a warrant is essentially valid or is valid as to one com-
mand and not as to the other, the parts not essential or invalid
may be treated as surplusage." *Dow v. Maryland,* 207 Md.
80, 113 A.2d 423, 425, 49 A.L.R.2d 1205 (1955); *see People v.
Staes,* 92 Ill. App. 2d 156, 235 N.E.2d 882 (1968); 68 Am. Jur.
2d *Searches and Seizures* § 79 (1973).

In *Dow v. Maryland, supra,* the warrant commanded the
police to "go to the vicinity of 2115 West North Avenue" and
there search three men who were previously described and
who would be identified by an officer. The search actually

---

[4]*Tacoma v. Mundell,* 6 Wn. App. 673, 677, 495 P.2d 682 (1972);
"[W]e are of the opinion that the general search warrant to search
the North Fife Street premises did not permit, by itself, a search of
defendant's person."; *Olympia v. Culp,* 136 Wash. 374, 240 P. 360 (1925),
warrant for the search of a premises only, court upheld the search of
a person on the premises as incident to a lawful arrest; *State v. Ryan,*
163 Wash. 496, 502, 1 P.2d 893 (1931), warrant for search of a particu-
lar room. Court upheld search of appellant in the hall, finding probable
cause to search his person without a warrant.

took place eight blocks from the premises described in the search warrant. Similar to the defendant's challenge herein, the appellants in *Dow* contended that the warrant could only be validly executed "in the vicinity of 2115 West North Avenue." In answer, the court found that the warrant sufficiently described the appellants and, therefore, it was not essential to the validity of the search of their persons that such search be restricted to the particular premises described. *Dow v. Maryland, supra* at 425.

In the recent case of *State v. Malave*, 127 N.J. Super. 151, 152, 316 A.2d 706, 707 (1974), the warrant under consideration authorized a search of

> the premises of 851 Madison Ave 3rd floor and all parts connected thereto. Plus a Puerto Rican male in his forties about 5'6 in height medium build who lives at said address.

The defendant therein was searched on the street, a considerable distance from the address specified in the search warrant. He argued that the warrant authorized the search of the person only at or near such address, and not at some other location. The court disagreed, stating:

> We believe, on the other hand, that the warrant authorized two independent searches—one of a person and the other of a place. We see no reason why a warrant to search a person must specify the place where he is to be searched.

The warrant in the case before us authorized a search of a place and a search of named persons. As with a warrant to search a place, a warrant for the search of persons is constitutionally valid if it describes with sufficient particularity the person(s) to be searched. Here, the warrant was issued upon probable cause and the defendant is described with sufficient particularity. In light of the above cases, the clause "if found thereon" is not necessary to the constitutional validity of the warrant for the search of defendant's person. Therefore, at the very least, the phrase "if found thereon" should not be construed to

invalidate an otherwise constitutional search of defendant's person where he is found on a public street immediately adjacent to the premises being searched.

Further, and most important, we must not lose sight of the constitutional prohibition against "unreasonable searches and seizures":

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . . .

U.S. Const. amend 4. This restriction is not directed against all searches and seizures, but only against unreasonable searches and seizures. *Elkins v. United States,* 364 U.S. 206, 222, 4 L. Ed. 2d 1669, 80 S. Ct. 1437 (1960); *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 899, 88 S. Ct. 1868 (1968). There being no "fixed formula" for determining the reasonableness of the search, each case must be decided on its facts and the surrounding circumstances. *United States v. Rabinowitz,* 339 U.S. 56, 63, 94 L. Ed. 653, 70 S. Ct. 430 (1950); *Mapp v. Ohio,* 367 U.S. 643, 653, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A.L.R.2d 933 (1961); *Ker v. California,* 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623 (1963); *State v. Patterson,* 83 Wn.2d 49, 61, 515 P.2d 496 (1973).

In the present case, while the search of the premises was in progress, Charlotte Cresswell and the defendant Cottrell arrived on the scene in defendant's car, parking on the street in front of the premises. An officer, recognizing the defendant, approached the car and escorted the occupants into the house where a search of defendant's person revealed a large quantity of heroin. The fact that the defendant was first detained on the public street in front of the premises and not "found thereon" is considered by the majority to be determinative on the issue of reasonableness, *i.e.,* that the search went beyond the scope of the warrant and is, therefore, unreasonable. However, such an inquiry stops short of the crucial issue, *i.e.,* whether upon review of all the facts and surrounding circumstances the search was reasonable or unreasonable.

Clearly, the warrant authorizes a search of defendant's person. The majority holds that before the search can take place, defendant must be found on the premises. Here, the defendant was found within a few feet of the property line with a circumstantial inference that he intended to go upon the premises. In that factual circumstance, peripheral language in a warrant such as "if found thereon," if not regarded as surplusage, should at least be reasonably construed to uphold the search. As pointed out by the majority, constitutional protections should not be used to reach absurd results. To strike down this search pursuant to a valid warrant, in the context of the factual circumstances presented, is to play hide-and-seek with technicalities. In my opinion, the search was reasonable.

The majority opinion notes that because the affidavit contains the phrase "if found therein" and the form warrant contains the words "if found thereon," the phrase must be strictly limited or literally applied. I find nothing in the record before this court to show that the issuing District Court Judge intended such literal limitation. Indeed, the facts contained in the affidavit support a search of defendant's person without the peripheral phrase. Consequently, I find no constitutional obstruction to a reasonable interpretation or application of the phrase to the search under the circumstances of this case.

Defendant challenges the warrant upon the basis that it was not issued upon probable cause. My review of the record causes me to reach the opposite conclusion.

Further, I find no merit in defendant's contention that he was denied a speedy trial under CrR 3.3. The procedural history reflected in the record prevents defendant from successfully claiming the benefits of this rule.

I would affirm.

Petition for rehearing denied April 30, 1975.

Appealed to Supreme Court May 6, 1975.