People v Gordon (2019 NY Slip Op 00901)





People v Gordon


2019 NY Slip Op 00901


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-09876
 (Ind. No. 1964-15)

[*1]The People of the State of New York, appellant,
v
Tyrone D. Gordon, respondent.


Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Miller and Guy Arcidiacono of counsel), for appellant.
Jonathan B. Manley, Hauppauge, NY, for respondent.



DECISION & ORDER
Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated June 23, 2016, as granted that branch of the defendant's omnibus motion which was to suppress physical evidence seized from two vehicles.
ORDERED that the order is affirmed insofar as appealed from.
We agree with the Supreme Court's determination to grant that branch of the defendant's omnibus motion which was to suppress physical evidence seized from two vehicles during the execution of a search warrant. The search warrant permitted a search of "the person of [the defendant] and the entire premises located at 133 Norfleet Lane, Coram NY is [sic] a 1 story ranch style house with a yellow siding and a gray colored roof." During the search of the premises, police officers also searched two vehicles located on the property and seized evidence from the vehicles. Since the search warrant did not particularize that a search of the vehicles was permitted (see CPL 690.15; People v Sciacca, 45 NY2d 122, 126-127; People v Dumper, 28 NY2d 296, 299; People v Velez, 138 AD3d 1041), and since probable cause to search those vehicles had not been established in the application for the search warrant (see People v Hansen, 38 NY2d 17), we agree with the court's determination to grant suppression of the evidence seized from the vehicles.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court