[No. 19209. Department One. August 21, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. NICK ANDRICH *et al., Appellants.*[1]

INTOXICATING LIQUORS (42)—INFORMATION—PREVIOUS CONVICTIONS —JOINING CODEFENDANT · NOT PREVIOUSLY CONVICTED. Under Rem. Comp. Stat., § 7339, providing for increased punishments for second and third convictions of violation of the liquor laws, and making it the duty of the prosecuting attorney to allege the prior convictions, a first offender, jointly liable for the misdemeanor, is not prejudiced by an information against a codefendant alleging two prior convictions making his act a felony.

SAME (42)—PREVIOUS CONVICTIONS—STATUTES—CONSTRUCTION AND APPLICATION. The crime of manufacturing liquor under the initiative act, Rem. Comp. Stat., § 7309, and of unlawful possession, added thereto by amendment, are both included in the act, within Id., § 7339, providing increased punishments for second and third convictions for violation of the provisions of "this act."

SAME (53)—SEARCHES AND SEIZURES—DESCRIPTION OF PREMISES —SUFFICIENCY. A search warrant of the "residence and premises" occupied by the defendant, giving the city, street, and number, is not invalidated by an error in the number, where the officers knew the defendant's residence without reference to the number and located the same.

SAME (42)—PREVIOUS CONVICTIONS—CONVICTIONS ON SAME DAY. Upon a charge of violation of the liquor laws, proof of two prior convictions before a justice of the peace, one for manufacturing and one for unlawful possession, is not objectionable because they were with reference to the same liquor, where the record does not disclose such fact.

[1]Reported in 238 Pac. 638.

20—135 WASH.

Appeal from a judgment of the superior court for Skagit county, Brown, J., entered November 14, 1924, upon a trial and conviction of unlawful possession of intoxicating liquor with intent to sell. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellants.

*Warren J. Gilbert* and *Walter H. Hodge,* for respondent.

BRIDGES, J.—The information in this case charged the appellants, who were husband and wife, with the unlawful possession of intoxicating liquor with intent to sell the same. It also charged the appellant Nick Andrich with two previous convictions for violation of the liquor law, one for the manufacturing and the other for the unlawful possession of intoxicating liquor. The jury found both the appellants guilty; and also found that Nick Andrich had twice previously been convicted, as set out in the information.

The first assignment of error is that the state had no right to charge in one information that both defendants had possession of intoxicating liquor with intent to sell, and that one of them had twice previously been convicted for violation of the liquor laws, because the effect is to charge in one and the same information two offenses, one a misdemeanor and the other a felony.

Section 7339, Rem. Comp. Stat. [P. C. § 3194], provides that every person convicted the second time for the violation of any provision of the liquor act shall receive a designated punishment and for a third conviction shall be placed in the penitentiary. It imposes upon the prosecuting attorney the duty of stating these prior convictions in the information. That instrument in this case states only one offense or crime and that is the possession of intoxicating liquor with intent to sell it. The felony does not arise out of the conviction

of the offense charged in the information but out of it and the two prior convictions. Nor are we able to see any merit in the contention that, to join Mrs. Andrich, who was charged only with possession with intent to sell, with her husband, who was charged with that offense and the prior convictions, was unfair to her, and would prejudice the jury against her and deprive her of a fair trial. There is no reason why she could not have as fair a trial under the circumstances here as if the element of prior offenses had been entirely eliminated. This prior conviction statute has been passed upon by us a number of times. Some of the cases are: *State v. Dericho,* 107 Wash. 468, 182 Pac. 597; *State v. Christensen,* 122 Wash. 236, 210 Pac. 376; *State v. Aplin,* 128 Wash. 36, 221 Pac. 989.

Appellants further contend that the information was defective in charging two prior convictions, one based upon the manufacture of liquor and the other upon unlawful possession. This argument is based on § 7339, *supra,* which provides that any person convicted a second or third time of a violation of the provisions "of this act" shall be punished in the manner designated. It is contended, as we understand the argument, that the crimes of manufacturing and that of possession are not both included in "this act." But we cannot accept this view. The crime of manufacturing was a part of initiative measure No. 3, now § 7309, Rem. Comp. Stat. [P. C. § 3166]. The crime of unlawful possession is made a part of the prior act by amendment thereof, so that, after the amendment, both crimes became a part of the same act. We so held in *State v. Buttignoni,* 118 Wash. 110, 203 Pac. 76. But appellant undertakes to meet this argument by a reference to § 7338, Rem. Comp. Stat. [P. C. § 3193], contending that that statute is a recent one and has the effect of repealing the old statute with reference to the

manufacture of liquor. But the old statute, § 7309, Rem. Comp. Stat., was with reference to manufacturing only, while the new statute is with reference to manufacture for the purpose of sale. Appellant's prior conviction was only for manufacturing and therefore is covered by the original act.

It is next contended that the court erred in refusing to sustain appellant's motion to suppress evidence. It appears that a search warrant was issued and put into the hands of the officers who, acting thereunder, found certain liquor in appellants' home in the city of Anacortes. It is contended that the seizure of this liquor was invalid because the search warrant authorizes a search of the premises found at 1309, 6th Street, Anacortes, whereas the premises which were searched and actually occupied by appellants were number 1308. The original search warrant is before us. It describes the premises correctly as 1308, but it gives some evidence of having been changed from other figures. The evidence concerning the change is very meagre and uncertain. But we need not further pursue this question, because, if the warrant had authorized the search of 1309, it would still be sufficient, because it described the premises to be searched as the "residence and all outbuildings and premises occupied and used by Nick Andrich at 1309 [or 1308] 6th Street, Anacortes, Skagit county, Washington." The testimony conclusively shows that the appellants' premises were the ones that were searched. It also shows that the officers knew, without being given the street number of the house, where the appellants lived. Under these circumstances, an error in giving the number of the residence would be wholly immaterial. The rule is that the premises are sufficiently described in a search warrant if the officer to whom it is directed is enabled thereby to locate the premises with certainty. 24 R. C. L. 713.

Having decided that the search warrant was sufficient in form, we do not find it necessary to discuss the further proposition as to whether the motion to suppress the evidence was made or presented in time.

It is next contended that a new trial should have been granted because the two prior convictions were with reference to the same liquor. If it should be held that such objection is tenable (which we greatly doubt) there is nothing in the record to show that the liquor which appellant was convicted of making and that which he was convicted of possessing were the same. It is true that both convictions were before the same justice of the peace and on the same day, but it does not follow that those two actions concerned the same liquor.

It seems to us that the defendants have had a fair trial, and we see no reason to reverse the judgment. It is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.