[No. 20921. Department One. February 24, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
STRICKLAND *et al.*, *Appellants.*[1]

[1] CRIMINAL LAW (197)—TRIAL—LIST OF WITNESSES. Rem. 1927
Sup., § 2050, providing that certain prosecutions in the superior
court shall be by information, and that the accused shall be
furnished with a list of witnesses when the case is set for
trial, has no application to trials initiated by complaint in
justice court and appealed.

Appeal from a judgment of the superior court for
Pierce county, Remann, J., entered December 29, 1926,
upon a trial and conviction of the unlawful manufac-
ture of intoxicating liquor. Affirmed.

*Frank G. Riley,* for appellants.

*John A. Sorley* and *Thomas F. Ray,* for respondent.

PARKER, J.—The defendants, George and Claude
Strickland, were jointly charged, by complaint filed in
a justice court of Pierce county, with the misdemeanor
of unlawfully manufacturing intoxicating liquor for
the purpose of sale. The justice court, having juris-
diction of the case for the purposes of trial, proceeded
with the trial, and, at the conclusion thereof, adjudged
both defendants guilty. From that judgment they ap-
pealed to the superior court for Pierce county, where
they were again jointly tried *de novo,* as the law re-
quires upon such an appeal, and both again adjudged
guilty. From that judgment. they have appealed to
this court.

[1] The principal contention here made in behalf
of appellants is, in substance, that the superior court
erred to their prejudice in not requiring the prosecut-

¹Reported in 264 Pac. 427.

ing attorney to furnish to them a list of the names of the state's witnesses, upon the case being set for trial in that court. Counsel for appellants invoke the following provisions of Rem. Comp. Stat., § 2050, as amended by Laws of 1925 (Ex. Sess.), p. 420 (Rem. 1927 Sup., § 2050):

"All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto, and at the time the case is set for trial the prosecuting attorney shall file with the clerk a list of the witnesses which he intends to use at the trial and serve a copy of the same upon the defendant."

This, we think, has application only to original prosecutions by information in the superior court. Misdemeanor prosecutions in the justice courts are not initiated by information, but by complaint on oath which may be made by any person. Rem. Comp. Stat., § 1925 [P. C. § 9434]. A requirement that the prosecuting attorney shall furnish to the defendant in a criminal prosecution, before trial, the names of the state's witnesses is purely statutory; and we know of no statutory requirement in that behalf pertaining to prosecutions for misdemeanors in justice courts. When, by appeal, a case goes from a justice court to a superior court, the accused is there tried upon the same charge as in the justice court. It seems clear to us that there is no law in this state requiring the prosecuting attorney to furnish to the accused, in a misdemeanor prosecution initiated and tried in a justice court, the names of the state's witnesses, either while the prosecution is pending in the justice court or on appeal in the superior court.

Some complaint is made in behalf of appellants of errors in the ruling of the superior court upon the in-

troduction of evidence during the trial. So far as can be determined from the record before us, these are so clearly without merit that we think they do not call for treatment here, other than the observation that we see no error in such rulings prejudicial to the rights of appellants.

The judgment is affirmed.

MACKINTOSH, C. J., MITCHELL, TOLMAN, and FRENCH, JJ., concur.