[No. 20907.   Department One.   March 13, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN LUCHESSI, *Appellant*.[1]

[1] INTOXICATING LIQUORS (53)—CRIMINAL LAW (123)—SEARCHES AND SEIZURES—ADMISSIBILITY OF EVIDENCE OBTAINED.   A search warrant for the premises occupied by defendant is not invalidated by a mistake in the house number stated therein where the officers knew the defendant's residence without reference to the number stated.

[2] INTOXICATING LIQUORS (28, 49)—UNLAWFUL MANUFACTURE—EVIDENCE—ADMISSIBILITY.   Similarity of wine found in home of defendant with that found at a still in defendant's pasture warrants the admission of the former in evidence in a prosecution for unlawful manufacture of intoxicating liquor.

[3] CRIMINAL LAW (197)—TRIAL—SERVICE OF LIST OF WITNESSES.   Rem. 1927 Sup., § 2050, providing that certain prosecutions in the superior court shall be by information and that the accused shall be furnished with a list of witnesses when the case is set for trial, has no application to a case initiated in a justice court and appealed.

Appeal from a judgment of the superior court for King county, Beals, J., entered April 25, 1927, upon a trial and conviction of manufacture of intoxicating liquor.   Affirmed.

[1]Reported in 265 Pac. 160.

*Walter Metzenbaum,* for appellant.

*Ewing D. Colvin* and *James M. Bailey,* for respondent.

TOLMAN, J.—Appellant was, by complaint filed in justice court, charged with the crime of manufacturing intoxicating liquors for the purpose of sale. Being there found guilty, he appealed to the superior court, was again found guilty and sentenced to serve six months in the county jail and pay a fine of $500. From this judgment and sentence he has appealed to this court.

[1] The first assignment of error relates to the denial of a motion to suppress evidence, based upon the contention that it was obtained by an unlawful search and seizure.

It appears that appellant was in the possession of a tract of land in Black Diamond consisting of approximately seventeen acres, part of which he owned, and part he held as lessee and used as a pasture. On the part which he owned were situated two or three buildings, which had been, or might be, used as dwellings, only one of which was so occupied at the time in question, and in that one appellant and his family resided. Each house bore a number, but there was no official system of numbering in Black Diamond, and the numbers on adjacent houses bore no relation to each other. The house occupied by the appellant, it is claimed, bore the number 65; while a vacant building (by some described as an outhouse), in the same enclosure and apparently in close proximity to the family home, bore the number 344. The search warrant covered only "those certain premises of John Luchessi (Big John) located at house numbered 344 at Black Diamond . . . " The evidence was conflicting and the trial court seems to have found that the house occupied by

appellant actually bore the number 344. But however that may be, we think under the authority of *State v. Andrich,* 135 Wash. 609, 238 Pac. 638, the warrant was sufficient authority to search the premises known to be occupied by the appellant. That the officers first searched the outhouse and afterwards the home does not evidence that the authority to search had been exhausted before the home was reached, and that they afterwards discovered the still in the pasture does not affect the situation. It may well be questioned whether a search warrant would be required to search the pasture land, and the outbuilding was certainly a part of the premises described in the warrant.

[2] A quantity of red wine, known as "Italian Red," was found, with other liquor, at the still in the pasture, and a quantity of similar red wine was found in the home of the appellant. The wine so found in the house was admitted in evidence, over objection, and its admission is assigned as error. The state was forced to depend upon circumstantial evidence, and the similarity of the wine found in the two places was a circumstance to be considered by the jury and it was for the jury to determine its probative force.

[3] It is urged that the trial court erred in permitting the state's witnesses to testify, because the state, after the trial in justice court and prior to the trial in the superior court, had not filed and served a list of witnesses in compliance with § 2050, ch. 150, Laws of 1925, Ex. Sess., p. 420 [Rem. 1927 Sup., § 2050]. This question has recently been decided contrary to appellant's contentions in *State v. Strickland,* 146 Wash. 632, 264 Pac. 427, and no further discussion seems necessary.

The remaining assignments of error all go to the sufficiency of the evidence, which, as we have said, was circumstantial. No good purpose would be served by

discussing the various circumstances in detail, and we deem it sufficient to say that, after an examination of the record, we are convinced that the evidence was sufficient to take the case to the jury.

Finding no error, the judgment appealed from is affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.