[No. 23343. Department Two. November 10, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. EZRA VAN VALKENBURG, *Appellant*.[1]

*A. W. Swanson* and *Q. A. Kaune*, for appellant.

*Charles R. Denney* and *F. W. Mansfield*, for respondent.

MILLARD, J.—This is an appeal from a conviction of the crime of unlawful possession of intoxicating liquor. The only error assigned is that the search warrant, under authority of which the appellant's premises were searched and intoxicating liquor found thereon was seized, was not legally sufficient, in that it failed to correctly describe the premises searched.

The premises are described in the search warrant as follows:

"Residence and premises of E. Van Valkenburg located on the southwest quarter of the southwest quarter of section 2, township 27 north, range 6 east W. M., together with all outbuildings and sheds appurtenant thereto, situated in the county of Snohomish, state of Washington."

[1]Reported in 4 P. (2d) 832.

Appellant resides on the south half of the south half of the northeast quarter of the southwest quarter and a strip ten rods wide off the north side of the southeast quarter of the southwest quarter of section two, township 27 north, range 6 east, W. M.

The premises to be searched were sufficiently described in the warrant. The residence and premises of the appellant are located in the northeast quarter and in a small tract of the southeast quarter of the southwest quarter of section two. The description in the warrant was more general in describing the premises to be searched as located in the southwest quarter of the section. No other person of the same name as the appellant lives in the southwest quarter of section two, or in section two. The searching officers' affidavits are to the effect that they could easily find the premises from the description in the search warrant.

The facts bring the case at bar within the rule enunciated in *State v. Andrich,* 135 Wash. 609, 238 Pac. 638, that the premises are sufficiently described in the search warrant if the officer to whom it is directed is enabled thereby to locate the premises with certainty. That rule was followed in *State v. Luchessi,* 147 Wash. 71, 265 Pac. 160, and in *State v. Noah,* 150 Wash. 187, 272 Pac. 729.

The judgment is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.