[No. 23467. Department Two. December 17, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. PINK D. DAVIS, *Appellant.*[1]

*Edward M. Connelly* and *Neil C. Bardsley,* for appellant.

*Chas. W. Greenough* and *Carl P. Lang,* for respondent.

TOLMAN, C. J.—Appellant was tried and convicted upon a charge of manufacturing intoxicating liquor with intent to sell.

Appealing, he raises but a single question, based upon the sufficiency of the search warrant by means of

[1]Reported in 5 P. (2d) 1035.

which the incriminating evidence which brought about his conviction was obtained.

The property occupied by the appellant lies in a remote and sparsely settled section of the city of Spokane. Two police officers, evidently having some information or ground for suspicion, spent practically their entire time for two days in keeping the particular place involved under observation. Perhaps the only confirmation of their suspicions which they thus obtained was the strong odor of moonshine whiskey or mash which emanated from the dwelling house, and which apparently could come from no other source. The officers seem to have been diligent in determining from whence the odor came, and after events verified their conclusions.

With this situation in mind, a search warrant was sworn out by one of these officers; and in the evening of the second day, they appeared at the premises with the warrant, and, observing the appellant about to enter the house, they closed in upon him and entered with him as he unlocked the door. Within the house, they found all of the paraphernalia and material necessary for the manufacture of moonshine whiskey, a lot of the manufactured product, and all of the fixtures and supplies usually found in connection with a successfully operated still.

There was a timely motion made to suppress this evidence, which was denied. At the trial, objections to its introduction in evidence were interposed and overruled; and the whole subject was again unsuccessfully presented to the trial court on argument of the motion for a new trial.

The complaint upon which the search warrant was issued and the warrant itself described the premises to be searched as East 3711, 10th avenue, in the city of Spokane, Spokane county, Washington, and the

person having possession of the liquor, etc., as John Doe; while in fact the house actually searched, and where the contraband was found, is officially known as East 3711, Pratt avenue, in the city of Spokane, etc.

From the showing made in opposition to the motion to suppress, it appears that, in general, throughout the city of Spokane, 10th avenue is the next street south of 9th avenue; but in the plat of the particular addition in which the property here involved lies, an intermediate street between 9th avenue and 10th avenue is shown, which is named Pratt avenue. On the plat, Pratt avenue is shown to be parallel with, and 240 feet south of, 9th avenue; while 10th avenue is shown to be parallel with, and some 94 feet south of, Pratt avenue. What is 10th avenue on the plat does not appear on the ground at all in this particular block. What is platted as 10th avenue in this block is actually a gravel pit, and to the eye of the observer gives no evidence of being a street. There are no houses on platted 10th avenue in the 3700 block, and no houses on any of the adjacent streets in that block, save only the house at 3711, Pratt avenue. Anyone looking for a house numbered 3711 anywhere in that vicinity could find only 3711, Pratt avenue. It is shown that the United States mail service recognizes Pratt avenue as 10th avenue in that vicinity, as does the city directory and the public service corporation supplying electric light and energy.

We think this showing sufficient, under our previous holdings; especially so when aided by the evidence of the officer who procured and served the warrant, showing clearly that the warrant was obtained for the purpose of searching this particular dwelling and no other. That fact, coupled with the evidence that the place was described as it was popularly known, would enable the officer to go directly to it without inquiry; but if the

warrant were served by another who had no previous knowledge, still, on inquiry, he would be led directly to this particular house, and could not possibly be misled into serving the warrant at any other place.

In sustaining the rulings complained of, we are not called upon to extend the rule laid down in our previous cases. *State v. Andrich,* 135 Wash. 609, 238 Pac. 638; *State v. Luchessi,* 147 Wash. 71, 265 Pac. 160; *State v. Noah,* 150 Wash. 187, 272 Pac. 729; *State v. Van Valkenburg, ante* p. 195, 4 P. (2d) 832.

The issuance of John Doe warrants, except in cases of necessity, is not to be encouraged; yet, so far as the record here shows, this was a case of necessity, and there is therefore no presumption or inference of illegality or irregularity to be drawn from the fact that the true name of the offender was not given in the warrant.

The judgment appealed from is affirmed.

MILLARD, MAIN, HOLCOMB, and BEALS, JJ., concur.