**UNITED STATES of America**

v.

**Jack Thomas CONSTANTINO.**

**Cr. A. No. 61–221.**

United States District Court
W. D. Pennsylvania.

Jan. 25, 1962.

Barney Phillips, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

Petitioner, in this case is Jack Thomas Constantino, who is sufficiently identified in a warrant of arrest issued by the United States Commissioner on June 29, 1961 as John Doe, together with a description. However, prior to the arrest warrant being issued, a Special Agent of the Internal Revenue Service had taken an affidavit before the United States Commissioner seeking a search warrant for the premises located at 807 Jacksonia Street in the City of Pittsburgh. This was also a John Doe warrant as the owner of the premises was not named and the only identification of the premises to be searched was by the street and number, that is 807 Jacksonia Street. In executing the search warrant the government officers determined that 807 Jacksonia Street was the wrong address. They found out in the vicinity that the premises they desired to search were either 708 or 710 Jacksonia Street, more than a block away from the premises at 807 Jacksonia Street. They telephoned the Commissioner and he instructed them to strike out 807 and substitute in ink the correct number or numbers of the premises to be searched, which the agents did, and proceeded to search the premises which turned out to be 710 Jacksonia Street. Under the foregoing the officers completed their search and

obtained certain gambling paraphernalia relating to wagering, and thereafter the defendant, Jack Thomas Constantino, was charged with violation of Sections 4411, 4412 and 7262 of 26 United States Code, and indicted.

It is apparent to the court that the motion to suppress must be granted. Rule 12 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., permits a defense or objection based on defects in the institution of the prosecution including the information or indictment. Rule 41 of the Federal Rules of Criminal Procedure relates to search and seizure. It says, inter alia, that the Commissioner shall issue a warrant identifying the property and naming or describing the person or place to be searched. In this case it is apparent that the foregoing declaration was not complied with. The warrant as issued directed the search of the premises at 807 Jacksonia Street. It is noticed on the search warrant, however, that 807 has been crossed out and another number 708 substituted above it in ink, and that in turn crossed out and a third number, 710, inserted over the typewritten 807 and the ink 708. The conclusion simply is that the premises to be searched were not identified in the affidavit for, nor in the search warrant.

AND FURTHER, the search warrant and the affidavit on which it was issued are dated June 28, 1961. The return on the search warrant is dated June 29, 1961 indicating that Jack Thomas Constantino was the "Name of person searched or owner or 'at the place of search'". The complaint on which the warrant of arrest was issued is dated June 29, 1961, and it states on its face that the information was derived as the result of a service of a search warrant and that affiant has seized evidence of wagering activity. Thus, it is apparent on the face of the return on the record in this case that the proceeds of the illegal search have been used as a basis for the prosecution of the defendant individually. The point is that a "John Doe" warrant of arrest was issued based upon information acquired in the illegal search; and

the indictment which followed is also based upon the same set of facts. Under the circumstances, not only is the evidence to be supressed but the defendant must be discharged from custody and the indictment quashed.