[No. 40145. Department One. June 12, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. ELBERT NEAL BARNES, JR., *Appellant*.*

*Barokas, Beitz, Berner & Schaefer* and *Larry L. Barokas,* for appellant (appointed counsel for appeal)..

*Charles O. Carroll* and *Edmund P. Allen,* for respondent.

McGOVERN, J.—Defendant appeals from a judgment of the court finding him guilty of violating the Uniform Narcotic Drug Act (RCW 69.33) and from the sentence which ordered him committed to the State Department of Institutions for a maximum term of not more than 20 years.

*Reported in 456 P.2d 337.

June 28, 1967, John R. Parish, an agent of the Federal Bureau of Narcotics, executed an affidavit for purposes of obtaining a warrant to search certain premises in Seattle, described as being the residence of defendant. That affidavit was as follows:

JOHN R. PARISH, being frist [sic] duly sworn on oath, deposes and says:

That he is a Federal Narcotics Agent and is currently investigating narcotics traffic in the King County area; that in the course of his investigations he has had 2437 - S. Irving under surveillance and has seen several persons known to your affiant to be involved in the use and sale of narcotics in the Seattle area entering and leaving apartment #1 at this address; these persons mentioned include Dave Slack, Donna Webb, and Bob Thompson; that this surveillance was conducted last at 2:00 a.m. this morning; that last week your affiant saw a car with several people (three men and a women) [sic] park in front of the house; one man went into apartment one while others waited outside; this same person came out about five minutes later with what appeared to be a green balloon in his hand (not inflated); that your affiant has, in his experience in the field of narcotics, learned that this is a common way to carry and sell heroin; this observation was made through binoculars;

That your affiant has received information from an informant who advised your affiant htat [sic] he had been buying heroin from Barnes for months and that he was currently living at the above address; this same informant advised that he has never known Barnes to be without heroin;

That your affiant has known of Barnes for about 6 months; at that time he was living at 535 - 19th Ave., Seattle, Wash.; at that time your affiant received information from informants that he was dealing with heroin from that apartment;

Today your affiant received information from a very reliable informant who stated that he was present last Sunday when Barnes sold 40 caps of heroin to a now Crawford Clark who is also a known narcotics addict and seller; this sale did not, however, take place in Barnes' apartment;

That Barnes is known to your affiant to have been convicted in the past for a narcotics offense in California;

That based upon the above information received from various sources and based upon your affiant's observation of Barnes' apartment during the past week it is your affiant's belief that narcotics are being secreted, dispensed and sold at the above address.

The warrant issued, and at about 1:30 a.m. the next morning several officers of the law used it as authority to search apartment No. 1 at the South Irving address. Entry into the apartment unit was by forcible means when no one answered the officer's knock on the door. A search was made and contraband consisting of several prophylactics containing heroin with opium derivatives was found. The defendant was then arrested in apartment No. 5 on a different floor of the building but narcotics were not found in that unit or on his person.

Defendant's first assignment of error attacks the legality of the search warrant. He argues that the issuing magistrate did not have sufficient probable cause to legally justify the issuance of the warrant since the affidavit of John R. Parish was constitutionally inadequate. As authority for his proposition he cites *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

■ In *Aguilar,* a search warrant had issued upon the affidavit of law officers who swore only that they had "received reliable information from a credible person and [did] believe" that narcotics were being illegally kept on the premises. Our highest court held that the affidavit was inadequate for two reasons: (1) No "underlying circumstances" were set forth in the affidavit that would allow the magistrate to make an independent judgment of the validity of the informant's conclusion that narcotics were on the premises; and (2) the affiant did not factually attempt to support the claim that the informant was "credible" or his information "reliable." The evidence obtained by way of the Aguilar search warrant was therefore held inadmissible as taken in violation of the fourth amendment to our federal constitution.

We are satisfied that the John R. Parish affidavit satisfies the requirements of *Aguilar.* The following facts were re-

ported to the magistrate by his affidavit: A federal narcotics agent was the affiant and he had personally kept the premises under surveillance; the suspect had previously been convicted of a narcotics offense; the affiant observed other persons known to him to be involved in the trafficking of narcotics entering and leaving the premises; he observed a person leave the premises with a container commonly used in the transportation of heroin. Along with those underlying facts, the magistrate was further advised that a very reliable informant personally observed the suspect illegally selling some heroin only 3 days earlier; another informant said he had been buying heroin from the suspect for months, and that the suspect was living at the South Irving address.

The reported observations by the federal narcotics agent, when combined with the direct factual statements attributed to the informants, constitute sufficient grounds to support a magistrate's determination that he had sufficient probable cause to believe that a crime was being committed and to issue the warrant. The basis of his probability was substantially more than a mere "casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (Jan. 27, 1969), which further explicated the principles of *Aguilar.*

> This is particularly true when we consider the fact that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, *Beck v. Ohio,* 379 U. S. 89, 96 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, *McCray v. Illinois,* 386 U. S. 300, 311 (1967); that in judging probable cause issuing magistrates are not to be confined by . . . restrictions on the use of their common sense, *United States v. Ventresca,* 380 U. S. 102, 108 (1965); and that their determination of probable cause should be paid great deference by reviewing courts, *Jones v. United States,* 362 U. S. 257, 270-271 (1960).

*Spinelli v. United States, supra. Also see State v. Walcott,* 72 Wn.2d 959, 435 P.2d 994 (1967) and *Little v. Rhay,* 68 Wn.2d 353, 413 P.2d 15 (1966).

Defendant next asserts that there was insufficient evidence to convict him of the charge because the state failed to prove satisfactorily that he had possession of the heroin. We find otherwise. There was substantial competent evidence to support the findings of the trial court. The heroin uncovered in apartment No. 1 was found hidden inside a tire, under a mattress, behind the stove and within a crevice under the sink. A federal narcotics agent observed the defendant using that apartment during the early morning hours on each of the 2 days immediately preceding the search and arrest; defendant had a key to the apartment and admitted using it as a radio and electronic equipment repair shop; he kept a considerable amount of repair equipment and personal clothing in the apartment; and, according to the apartment house owner, no one other than the defendant occupied apartment No. 1 during the period of time material to this cause. Such evidence strongly supports the trial court's finding that defendant had dominion and control of apartment No. 1 and was, therefore, in willful and unlawful possession of the heroin found therein. *State v. Walcott, supra.*

The judgment and sentence is affirmed.

HUNTER, C. J., HAMILTON and NEILL, JJ., and JOHNSEN, J. Pro Tem., concur.