[No. 4087-1. Division One. December 13, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JAVIER FRANCISCO TRASVINA, ET AL, *Appellants*.

*Jackson H. Welch* of *Clark County Legal Defender,* for appellants.

*James E. Carty, Prosecuting Attorney,* and *Sharon Swenson Howard, Deputy,* for respondent.

JAMES, J.—Javier Francisco Trasvina and Michael John Martin were each found guilty at a bench trial of two counts of unlawful possession of a controlled substance. They appeal contending that their convictions resulted from the introduction at trial of evidence seized by police during an unlawful search of Martin's dwelling. In addition, Trasvina claims that, even if the search was lawful, he should not have been convicted since the State failed to prove that he had any possessory interest in the premises or in the controlled substances found there. We affirm.

Two issues are raised by this appeal—namely, whether the trial judge erred when he denied their motion to suppress the evidence seized during the search, and whether there was substantial evidence produced at trial to establish that Trasvina was in possession of the controlled substances.

All testimony at the hearing on Martin and Trasvina's motion to suppress evidence was by stipulation. The trial judge found that a police officer applied by telephone to a district court judge for a search warrant on the evening of April 6, 1974. This conversation was recorded as required by JCrR 2.10 (c). The officer swore that he would state the truth. He then stated that he had been told by an informant, who had given him reliable information several times in the past, that the informant had recently been an

invited guest in a certain home where he had "observed a white male occupant sitting in the living room in front of a coffee table, placing green crushed, plant-like material into plastic bags." The informant recognized the material as marijuana. He described the home as "a two-story, white frame house with green trim, located geographically directly behind and East of 6604 Northeast 94th Avenue, Vancouver." The judge concluded there was probable cause and authorized a search of the home. The officer attempted to carry out the search within a few hours.

The trial judge further found:

> [The police] discovered that the proper description of the premises to be searched was a "two-story, white frame house with green trim located geographically directly behind and east of 6513 N.E. 94th Avenue [instead of 6604 N.E. 94th Avenue], Vancouver, . . ."

Finding of fact No. 1(c) (motion to suppress).

> That upon discovery by officers . . . of the proper address . . . [the officer who had applied for the warrant] placed a telephone call to the residence of [the judge who issued the warrant] and informed [him] of the corrected address of the premises to be searched. Further that [the judge] authorized the search of the premises after being notified of the correct description of the premises to be searched. Further that this telephone call was not electronically recorded at the time it was made.

Finding of fact No. 1(d) (motion to suppress). The trial judge also found that the judge who issued the warrant could not specifically recall what was said during the second conversation, although he could recall that there was a second conversation concerning the warrant. Finding of fact No. 2(b) (motion to suppress). Respecting that second conversation, the trial judge found:

> That he, [the judge who issued the warrant], inscribed his initials, . . . on the search warrant, . . . at the portion where the [warrant was changed]. Further that he, . . . would have inscribed his initials as authorization for the change . . . only if a deputy

had contacted him before the search had taken place . . .

Finding of fact No. 2(c) (motion to suppress).

In carrying out the search, police found marijuana and phencyclidine (PCP). They arrested Trasvina and Martin who were present at the scene.

In upholding the validity of the search, the trial judge concluded as a matter of law that there was probable cause for the search and that the failure to record the second conversation did not violate the contemporaneous recording or summarization requirement of JCrR 2.10(c).

Trasvina and Martin contend that the search was unlawful because (1) the original warrant did not particularly describe the premises to be searched; (2) there was no probable cause to justify the issuance of the original warrant; and (3) the change of address amendment to the original warrant was not supported by probable cause since the basis for the change was never revealed, and there was no oath taken or recording made of the request for a change. We do not agree.

The Fourth Amendment specifies that a search warrant particularly describe the premises to be searched. U.S. Const. amend. 4. This requirement is satisfied if the place to be searched is sufficiently described "such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503, 69 L. Ed. 757, 45 S. Ct. 414 (1925). Therefore, it is not necessary for a warrant to contain a correct street address if the premises to be searched are otherwise sufficiently identified so as to enable officers to locate them with certainty. *State v. Davis*, 165 Wash. 652, 5 P.2d 1035 (1931); *State v. Andrich*, 135 Wash. 609, 238 P. 638 (1925); *United States v. Darensbourg*, 520 F.2d 985 (5th Cir. 1975); *United States v. Sklaroff*, 323 F. Supp. 296 (S.D. Fla. 1971).

Trasvina and Martin argue that this requirement is not met by describing the premises as "a two-story, white frame house with green trim, located geographically di-

rectly behind and East of 6604 Northeast 94th Avenue, Vancouver" since, without a correct address, there is no reasonable way of identifying the premises. That is, there could be more than one house in the area fitting that description.

To say there could be is not to say that there is. No evidence appears in the record that there were any other 2-story, white frame houses with green trim located near the 6600 block of 94th Avenue N.E. in Vancouver. Nor is there any evidence that the premises searched failed to conform to the description except for the address. The burden of proof as to a motion to suppress evidence is upon the movant. *State v. Smith*, 50 Wn.2d 408, 314 P.2d 1024, 312 P.2d 652 (1957); *State v. Ditmar*, 132 Wash. 501, 232 P. 321 (1925). In this case, Trasvina and Martin had the burden of showing the premises were not reasonably identified. That is, they had to show whether the house searched reasonably could have been confused with another house in the area described by the original warrant. They did not do so, and mere speculation will not suffice. Therefore, we hold that the premises were described with sufficient particularity in the original warrant.

Trasvina and Martin next contend that the original warrant was invalid because it was not supported by probable cause. They argue that there was insufficient information to show that the "white male occupant sitting in the living room in front of a coffee table, placing green crushed, plant-like material into plastic bags" actually lived on the premises or that one might reasonably expect the marijuana to still be present at a later time. They reason that the informant's statement was merely conclusory and, therefore, ineffective.

In *United States v. Ventresca*, 380 U.S. 102, 108, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965), the court stated that

affidavits for search warrants, . . . must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity

once exacted under common law pleadings have no proper place in this area.

It is true that mere conclusory statements in an affidavit cannot alone establish probable cause. *See Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). A

> [r]ecital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.

*United States v. Ventresca, supra* at 109. Here, an informant, who had given reliable information in the past, related that he had seen a person with a large quantity of marijuana in certain described premises. Whether the individual observed was an occupant is not relevant since

> [t]he Fourth Amendment requires a warrant to describe only 'the place to be searched, and the persons or things to be seized,' not the persons from whom things will be seized").

*United States v. Kahn*, 415 U.S. 143, 155 n.15, 39 L. Ed. 2d 225, 94 S. Ct. 977 (1974), *quoting United States v. Fiorella*, 468 F.2d 688, 691 (2d Cir. 1972). The affidavit further related that the informant's observations had occurred within 72 hours of the application for the warrant. The search was carried out within a few hours after issuance of the warrant. Under these circumstances, we hold that there was probable cause to believe marijuana was located on the premises.

There is no necessity to deal with Trasvina and Martin's remaining arguments concerning the validity of the search warrant. The original warrant was supported by probable cause and valid, notwithstanding the mistaken address, since it reasonably identified the premises to be searched. We would, therefore, uphold the search even if

the officer had not requested that the warrant be amended. That the officer sought to amend the warrant is most commendable. Clearly, however, this court would be devoid of the common sense spoken of in *United States v. Ventresca, supra*, were it to declare the warrant invalid because the request for a change of address was unsworn, unrecorded, and not supported by a recitation of underlying facts giving rise to probable cause. These matters become important only when the original warrant is invalid. That is not the case here.

Finally, Trasvina contends that he should not have been convicted because the State failed to produce sufficient evidence at trial to support the trial judge's findings that he was a resident of the premises searched or that he was in constructive possession of the controlled substances found there. We do not agree.

> A challenge to the sufficiency of the evidence . . . admits the truth of the evidence of the party against whom the challenge . . . is made and all inferences that reasonably can be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger . . . and in the light most favorable to the opposing party. *State v. Palmer*, 1 Wn. App. 152, 459 P.2d 812 (1969); *State v. McDaniels*, 30 Wn.2d 76, 190 P.2d 705 (1948).

*State v. Odom*, 8 Wn. App. 180, 182, 504 P.2d 1186 (1973), *aff'd*, 83 Wn.2d 541, 520 P.2d 152 (1974). This court will then affirm the trial judge's findings if, after analyzing the evidence in this perspective, there is substantial evidence to support those findings. *State v. Chapman*, 84 Wn.2d 373, 526 P.2d 64 (1974). Substantial evidence is evidence which is legally sufficient to establish an element of or the crime in question. That is, it is some proof—not proof beyond a reasonable doubt. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971).

Police testified that they arrested Trasvina on the premises during the search. They found several letters addressed to him lying about the home. The trial judge commented that the "fair inference" is that he "kept pieces of

identification like that around the house [because] he resided there and not [because] he [was] a mere visitor or something of that nature." In addition, police testified that they found several rifles in an upstairs bedroom which Trasvina told them were his. Finally, police stated that the controlled substances were found openly displayed around the home. Viewed in a light most favorable to the State, this is strong circumstantial evidence that Trasvina had dominion and control over the premises in question as well as knowledge of the presence of controlled substances in those premises. We hold that this constitutes substantial evidence of constructive possession of the substances. See *State v. Barnes*, 76 Wn.2d 234, 456 P.2d 337 (1969); *State v. Walcott*, 72 Wn.2d 959, 435 P.2d 994 (1967).

The judgment is affirmed.

WILLIAMS, C.J., and CALLOW, J., concur.

Petition for rehearing denied February 10, 1977.

Review denied by Supreme Court July 27, 1977.