[No. 12207-0-I.   Division One.   July 2, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. LEON EDWARD WEAVER, *Appellant.*

---

18

*Raymond H. Thoenig* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *John L. Austin III, Deputy,* for respondent.

DURHAM, C.J.—Leon Edward Weaver appeals a judgment and sentence for possession of cocaine in violation of the Uniform Controlled Substances Act, RCW 69.50.401.

The parties stipulated to the following facts at the suppression hearing and the trial to the court. On August 4, 1981, a warrant was issued which authorized the search of a Seattle residence for "[h]eroin and other controlled substances, narcotics paraphernalia, items used in the preparation of controlled substances and papers showing dominion and control over the premises." In the course of executing the search warrant, Weaver was found in the basement of the residence and was taken upstairs. Seattle police detective Brenton seized various narcotics paraphernalia found in the main room of the basement. Having no readily available way to transport the paraphernalia, Brenton removed dirty laundry from a cardboard box which he found in the rear area of the basement. In so doing, he noticed that the box had the name "Weaver, L." plainly printed on the side. After Detective Brenton placed the paraphernalia in the

box and went upstairs, Weaver repeatedly asked the reason for removing the box. Detective Brenton stated that it was being taken to the police station pursuant to the warrant.[1] After returning to the station, the cocaine paraphernalia was removed from the box. Detective Brenton then noticed a plastic bag protruding from under the closed flap of the bottom of the box. Twenty–three bindles of cocaine were found in the plastic bag.

The trial court denied Weaver's motion to suppress and ruled that the cardboard box was properly seized pursuant to the warrant because it was a "paper" that showed dominion and control over the premises. The trial court stated in part:

> This particular box did happen to have Mr. Weaver's name on it. In and of itself, that is not any complete proof that Mr. Weaver had dominion and control. But, the additional testimony that the box with his name on it was found on these premises is, I think, evidence of dominion and control.

Weaver stipulated to the testimony and evidence, and was found guilty of possession of cocaine.

Weaver first contends that the seizure of the cardboard box was not justified pursuant to the warrant because the box was not evidence of dominion and control over the premises. Weaver concedes that items such as receipts for rent or utility payments, letters addressed to a person at the premises, printed checks listing the address, a driver's license, and photographs have been found to be evidence indicating dominion and control. *See State v. Partin,* 88 Wn.2d 899, 567 P.2d 1136 (1977). He argues, however, that a cardboard box found in the rear of a basement with a name written on it is not probative of dominion and con-

---

[1]The stipulation concerning the facts was entered on the record by counsel. The prosecuting attorney initially told the court that after Weaver asked why the box was being taken, "Detective Brenton at that point told him it was being taken as contraband to the police station [to] be inventoried." The prosecuting attorney later told the court that Detective Brenton told Weaver that "[w]ell, this is contraband and it's got your name on it, and we're going to take it with us, under the warrant." These facts were not disputed by Weaver's attorney.

trol. We disagree.

In *State v. Davis,* 16 Wn. App. 657, 659, 558 P.2d 263 (1977), the court stated:

> [O]ne cannot have constructive possession [of drugs] found in a house predicated upon his mere presence therein. There must be a showing of dominion and control by him of the premises themselves. Such possession and control of premises need not be exclusive, but may be inferred from such circumstances as payment of rent, or possession of keys.

(Footnotes and citation omitted.) Determining if a particular item of personal property is evidence of dominion and control over the premises depends upon the facts and circumstances of each case. Here, the cardboard box originally contained personal laundry, it was in a remote area of the basement where a casual visitor would not usually have access, and it had Weaver's name plainly marked on the side. These facts constitute sufficient indication of Weaver's dominion and control over the premises so as to fall within the language of the warrant.

Defendant next contends that the cardboard box was not properly seized pursuant to the warrant because the box was not a "paper" as that term is usually defined. We find this argument unduly hypertechnical.

The primary inquiry in any search and seizure question under the Fourth Amendment is if the officer's actions were reasonable under the circumstances.[2] *Pennsylvania v. Mimms,* 434 U.S. 106, 54 L. Ed. 2d 331, 98 S. Ct. 330 (1977); *State v. Alexander,* 33 Wn. App. 271, 653 P.2d 1367 (1982). The officer's subjective intent is not determinative of the reasonableness of the seizure. *New York v. Quarles,* ___ U.S. ___, 81 L. Ed. 2d 550, 104 S. Ct. 2626 (1984). The Fourth Amendment requirement that a search warrant describe with particularity the place to be searched or the

---

[2]Weaver has not argued on appeal that *State v. Ringer,* 100 Wn.2d 686, 674 P.2d 1240 (1983), which construed article 1, section 7 of the Washington Constitution, changes the analysis concerning the validity of a search conducted pursuant to a warrant. We perceive no difference in analysis under the facts of this case.

things to be seized must be evaluated in light of the "rules of practicality, necessity and common sense.'" *State v. Olson,* 32 Wn. App. 555, 557, 648 P.2d 476 (1982), quoting *State v. Withers,* 8 Wn. App. 123, 126, 504 P.2d 1151 (1972). Because of the preference for searches conducted pursuant to a warrant, in a "marginal case a search under a warrant may be sustainable where without one it would fall." *United States v. Ventresca,* 380 U.S. 102, 106, 13 L. Ed. 2d 684, 85 S. Ct. 741 (1965). While the State has the burden of justifying a search or seizure conducted without a warrant, the burden of proof shifts to the defendant when it is shown that the search was conducted pursuant to a warrant. *United States v. Osborne,* 630 F.2d 374 (5th Cir. 1980), *cert. denied,* 450 U.S. 934 (1981); *State v. Fisher,* 96 Wn.2d 962, 967, 639 P.2d 743, *cert. denied,* 457 U.S. 1137 (1982); *State v. Marcum,* 24 Wn. App. 441, 447, 601 P.2d 975 (1979).

> The warrant–no warrant dichotomy is typically explained on the ground that when the police have acted with a warrant "an independent determination on the issue of probable cause has already been made by a magistrate, thereby giving rise to a presumption of legality," while when they have acted without a warrant "the evidence comprising probable cause is particularly within the knowledge and control of the arresting agencies." Moreover, it is said that "[w]ithout such a rule there would be little reason for law enforcement agencies to bother with the formality of a warrant."

(Footnotes omitted.) 3 W. LaFave, *Search and Seizure* § 11.2, at 499 (1978).

Courts have rejected a literal reading of a search warrant in an attempt to arrive at the reasonable purpose of the warrant in light of the particular facts and circumstances of the search being conducted. In *State v. Rood,* 18 Wn. App. 740, 573 P.2d 1325 (1977), a warrant that contained an address that was technically incorrect was upheld because the officer could identify the place intended to be searched with reasonable effort. *Accord, State v. Fisher, supra.* In *Rainey v. State,* 74 Wis. 2d 189, 246 N.W.2d 529 (1976), the

court rejected a contention that the scope of a warrant for the search of the first floor of a building did not permit the search of a balcony room. In *State v. Chisholm,* 7 Wn. App. 279, 499 P.2d 81 (1972), a search was upheld even though the warrant did not describe the particular subunit of a rooming house to be searched. Although these cases were concerned with sufficiency of the description of the place to be searched, the same rationale would seem to apply to the description of the things to be seized.

We acknowledge that a cardboard box is generally not considered a "paper," as such. However, the obvious purpose of the warrant was for the seizure of controlled substances *and* evidence bearing the defendant's name to demonstrate dominion and control over the premises. Weaver has failed to sustain his burden of showing that the cardboard box was not tantamount to a letter or any other document or paper with the defendant's name on it. The cardboard box was, therefore, properly seized pursuant to the search warrant.

SCHOLFIELD, J., concurs.

RINGOLD, J. (dissenting)—At the suppression hearing the parties stipulated in part that Detective Brenton seized the cardboard box

> after he observed cocaine paraphernalia in the basement.
> After he observed cocaine paraphernalia, then he looked for a container to carry these items. He observed a box with dirty laundry in it. He dumped out the laundry and seized the box for the purpose of transporting the paraphernalia. After he seized the box, he then noticed the name "Weaver, L." on the side.

The motion to suppress the evidence was denied. After a bench trial on stipulated facts the court entered the following findings of fact:

> The narcotic paraphe[r]nalia found on the coffee table was collected by Detective Brenton. Having no readily available way to transport these items, Detective Brenton took a 25–inch by 25–inch cardboard carton sitting on a

chair in the rear area of the basement. The box contained laundry which was removed and neatly placed back on the chair. The box was plainly marked "Weaver, L." in large inked letters on its side.

Finding of fact 4.

Upon seeing the box, defendant indicated ownership of the box and repeatedly questioned detectives as to the use of the box and their need to take it.

Finding of fact 5. These findings of fact are not challenged on appeal.

There is no stipulation on the record or finding of fact that Detective Brenton took the box as contraband or because it had Weaver's name on it. The statements mentioned in footnote 1 of the majority opinion were made by the prosecuting attorney in his introductory remarks to the court at the suppression hearing. They are not supported by evidence or stipulations and do not constitute evidence. Detective Brenton's affidavit, the agreed facts, and the findings entered by the court, establish that the detective took the box to transport items seized under the warrant, learning afterward that the box contained both Weaver's name and 23 packages of cocaine. It is on the basis of the stipulated facts and the court's findings that we must proceed.

The majority begs the question in asserting that the defendant has the burden of proof when the search is conducted pursuant to a warrant. Even assuming that the box could have been seized under the warrant to show dominion and control, the issue remains whether it was actually seized for that purpose. The validity of the seizure is to be judged as of the time it was made. An unreasonable seizure is not later made reasonable because it can be forced to fit under some language in the warrant. *State v. Broadnax,* 98 Wn.2d 289, 654 P.2d 96 (1982).

The State agrees that seizures may not be justified by *post hoc* rationalizations, stating that "There cannot be retroactive justification of a seizure if the law is to have meaning." Brief of respondent, at 3. The State also agrees

that "there is no dispute that the police may not take property merely to convenience their transport of seized articles." Brief of Respondent, at 1. The State argues, however, and the majority agrees, that the box was taken to show dominion and control over the premises. Under the stipulated facts, this is not what happened. The stipulated facts are that the detective did not notice Weaver's name was on the box until "after he seized the box," and that the box was taken to carry contraband. Weaver did not consent to the seizure. The State attempts a retroactive justification because cocaine was later found in the box.

Had the detective seized the box to show dominion and control, the cocaine could have been admissible under the plain view doctrine. The box was seized, however, solely to carry the contraband. The "dominion and control" argument is merely a *post hoc* rationalization attempting to justify the seizure under the warrant. The seizure was constitutionally indefensible when it was made. No amount of *post hoc* rationalization can cure that defect. We cannot condone post facto justification of a seizure as coming within the scope of a search warrant without eroding the protections of the federal and state constitutions. *Broadnax*. The evidence should have been suppressed.

Review denied by Supreme Court October 19, 1984.