# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>CHELSEA KIRSTEN HAYES,<br><br>Petitioner. | No. 55510-7-II<br><br>UNPUBLISHED OPINION |

LEE, C.J. — Chelsea Hayes seeks relief from personal restraint imposed following her 2018 convictions for conspiracy to deliver a controlled substance, possession of a controlled substance with intent to deliver, and unlawful possession of controlled substances.[1] While her petition was pending, the Washington State Supreme Court issued its decision in *State v. Blake*, 197 Wn.2d 170, 173, 481 P.3d 521 (2021), which held RCW 69.50.4013(1), the statute making possession of controlled substances illegal, to be unconstitutional. The State concedes that under *Blake*, Hayes is entitled to have her conviction for unlawful possession vacated.

As to the convictions for conspiracy and possession with intent to deliver, Hayes argues that she received ineffective assistance of counsel when counsel did not move to suppress the evidence seized from Hayes' house on grounds that the search warrant lacked particularity. To establish ineffective assistance of counsel, Hayes must demonstrate that counsel's performance fell below an objective standard of reasonableness and that as a

---

[1] We issued the mandate of Hayes's direct appeal on November 8, 2019, making her November 6, 2020 petition timely filed. RCW 10.73.090(3)(b).

result of that deficient performance, the result of the case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume strongly that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011), *cert. denied*, 574 U.S. 860 (2014). To establish deficient performance from the failure to file a motion to suppress, the petitioner must show that the trial court likely would have granted the motion had it been made. *McFarland*, 127 Wn.2d at 337 n.4.

Hayes's house, the premises searched, was at 7250 14th Avenue SE in Lacey. The search warrant listed the address as 7205 14th Avenue SE in Lacey. Hayes argues that a motion to suppress for lack of particularity would likely have been granted had it been made. But an incorrect address on a search warrant alone does not invalidate the warrant; the key inquiry is whether there are adequate assurances that a mistaken search would not be likely to occur. *State v. Bohan*, 72 Wn. App. 335, 339, 864 P.2d 26 (1993), *review denied*, 124 Wn.2d 1002 (1994). Where, as here, the officers executing the warrant knew where the defendant lived, an error in the address listed on the warrant is immaterial. *Id.* at 340; s*ee State v. Rood*, 18 Wn. App. 740, 745-46, 573 P.2d 1325 (1977). Hayes fails to show that a motion to suppress would likely have been granted; thus, Hayes fails to show that trial counsel performed deficiently in not making that motion.

Accordingly, we reverse and remand Hayes's conviction for unlawful possession to the trial court for vacation pursuant to *Blake*. We also affirm Hayes's convictions for conspiracy to deliver a controlled substance and possession of a controlled substance with

intent to deliver, and remand for correction of Hayes's offender score and resentencing. We deny Hayes's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, C.J., C.J.

We concur:

Worswick, J.

Sutton, J.